**Uziel Mercado LUGARO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–94–160–CR.**

Court of Appeals of Texas,
Corpus Christi.

July 13, 1995.

M.P. "Dexter" Eaves, Victoria, for appellant.

Uziel Mercado Lugaro, Inez, pro se.

George J. Filley, III, Dist. Atty., Victoria County, Victoria, Daniel F. Gilliam, Nicole E. Worsley, Asst. Crim. Dist. Attys., Victoria, for State.

Before SEERDEN, C.J., and FEDERICO G. HINOJOSA, Jr. and RODRIGUEZ, JJ.

## OPINION

RODRIGUEZ, Justice.

In October 1993, appellant pled nolo contendere to the misdemeanor offense of assault. He was fined $200 and sentenced to one year in jail, which was probated. In January 1994, the State filed a motion to revoke probation. At the revocation hearing, appellant pled "true" to the allegations, and the trial court revoked probation and sentenced appellant to one year in jail. In his sole point of error, appellant contends the trial court denied him counsel at his revocation hearing. We reverse and remand.

█ There is no dispute that although appellant had the right to counsel, he was not represented by an attorney at his revocation hearing. A defendant has the right to counsel at a revocation hearing unless it is affirmatively waived. *Parker v. State*, 545 S.W.2d 151, 155–56 (Tex.Crim.App.1977); *see Warr v. State*, 591 S.W.2d 832, 835–836 (Tex.

Crim.App.1979); TEX.CODE CRIM.PROC.ANN. art. 42.12 § 21(d) (Vernon Supp.1995). To protect so fundamental a right as the right to counsel, courts indulge every reasonable presumption against waiver. *Warr*, 591 S.W.2d at 836. On direct appeal, the State bears the burden of establishing that the record affirmatively shows a valid waiver of counsel. *Upton v. State*, 853 S.W.2d 548, 553 (Tex. Crim.App.1993); *Ex parte Occhipenti*, 796 S.W.2d 805, 808 (Tex.App.—Houston [1st Dist.] 1990, no writ) (citing *Samudio v. State*, 648 S.W.2d 312, 314 (Tex.Crim.App.1983)); *see Ex parte Bird*, 457 S.W.2d 559 (Tex. Crim.App.1970). The waiver of counsel must be made voluntarily, knowingly, and intelligently. *Terrell v. State*, 891 S.W.2d 307, 312 (Tex.App.—El Paso 1994, pet. ref'd).

█ The State correctly notes that appellant did not file an affidavit of indigency after the motion to revoke was filed or complain about not having counsel during the revocation proceedings.[1] The State argues that since appellant had requested and obtained appointed counsel a few months earlier when he pled nolo contendere to the assault charge, appellant "clearly knew what he must do to receive counsel—request an Application for Court–Appointed Attorney and go before the trial court to show financial inability."[2] *See* TEX.CODE CRIM.PROC.ANN. art. 1.051(c) (Vernon Supp.1995). The State concludes that since appellant never requested counsel, nor showed his entitlement to appointed counsel, the trial court did not err in proceeding without counsel. We disagree.

█ The State's argument fails to recognize that the right to counsel must be affirmatively waived and that the trial judge has an obligation to determine whether a defen-

---

1. Quoted in its entirety, the statement of facts from the revocation hearing reads:

    BE IT REMEMBERED that on this the 21st day of February, A.D., 1994, came on to be heard the Motion to Revoke Probation Hearing in the above captioned cause before the Honorable Juan Velasquez, III, Judge Presiding, County Court at Law Number Two of Victoria County, Texas; and the following was had, to-wit:

    THE COURT: Cause Number 1–60,151, The State of Texas versus Uziel Mercado Lugaro. There is a motion to revoke the Defendant's probation.

    Mr. Lugaro, your plea of true is accepted. Your probation is revoked. You are ordered to spend one year in the county jail with credit for time that you have served. The balance of the fine and court costs are to be paid on or before the last day of the jail sentence.

2. The State cites *Switzer v. State*, 809 S.W.2d 781 (Tex.App.—Houston [14th Dist.] 1991, no pet.). *Switzer* is factually distinct and, at any rate, has been effectively overruled. *See Oliver v. State*, 872 S.W.2d 713, 714–16 (Tex.Crim.App.1994).

dant understands the importance of legal counsel and knowingly, voluntarily, and intelligently relinquishes the right to the assistance of counsel. Likewise, it is the responsibility of the trial judge to determine whether a defendant who appears without counsel is indigent and must have counsel appointed. *Oliver v. State*, 872 S.W.2d 713, 714–16 (Tex. Crim.App.1994). The *Oliver* Court stated:

> The Texas statutory scheme, consistent with Sixth Amendment requirements, thus plainly imposes upon trial judges the principle obligation to conduct such inquiry as may be necessary to determine whether an accused desires and is eligible for the appointment of an attorney.

> The appearance of a criminal defendant in court without counsel, therefore, necessitates an examination by the trial judge to assure that the defendant is actually aware of this right to retain an attorney and to discover whether he intends to do so. Such a colloquy between defendant and judge is not part of the adversary process, but is a preliminary matter necessary for the judge to discharge independent duties of his office. If, after such inquiry, it appears that the defendant has resources sufficient to hire a lawyer, whether or not he actually intends to do so, the judge need not appoint a lawyer for him at government expense. In such event, failure of the accused to employ a lawyer may be regarded as an abandonment of his right, assuming he understands the importance of legal counsel and has been given sufficient opportunity to retain one. *Minjares v. State*, 577 S.W.2d 222, 224 (Tex.Crim. App.1978). On the other hand, if the trial judge is satisfied that the defendant cannot employ an attorney himself, he must appoint counsel for that purpose unless the defendant knowingly and voluntarily relinquishes his right to the assistance of counsel. Failing either a relinquishment or an abandonment of the right, the judge may not conduct an adversary judicial proceedings with respect to formal criminal charges until the accused is represented by an attorney.

*Oliver*, 872 S.W.2d at 713.

The State relies in large part on the arraignment proceedings held several weeks before the revocation hearing to demonstrate that the trial judge discharged his obligation. At these proceedings, appellant appeared pro se and said he was not represented by an attorney. The trial court informed appellant that the State had filed a motion to revoke his probation, and the amount of appellant's bond was raised from $1,000 to $2,500. At the conclusion of the hearing, the trial judge informed appellant that he had the right to retain counsel, the right to remain silent, the right to have an attorney present during any questioning, and the right to request the appointment of counsel if indigent.[3] The trial court further asked appellant if he understood his rights, and appellant responded affirmatively. Appellant was not further admonished nor questioned about his right to counsel, and no written or oral waiver of counsel appears in the record.

In *Oliver*, the defendant was given his statutory warnings but did not then request the appointment of counsel. The First Court of Appeals held that the defendant had waived his right to counsel by not making a request. *Oliver v. State*, 813 S.W.2d 762, 765 (Tex.App.—Houston [1st Dist.] 1991). The Court of Criminal Appeals disagreed and held that a defendant's failure to request counsel is not a voluntary relinquishment or abandonment of the right to counsel. The Court stated:

> The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to have the assistance of counsel for his defense." This assurance has long been construed to require, absent an effective waiver, that an attorney be appointed by the court to represent a criminal defendant who is unable to procure the services of an attorney himself. *Johnson v. Zerbst*, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). And for more than

---

**3.** These are the rights required by the statutory warning under Tex.Code Crim.Proc.Ann. art. 15.17 (Vernon Supp.1995).

fifty years, it has also been settled that the Sixth Amendment right to counsel is not forfeitable, but may only be waived by the conscious and intelligent decision of the person to whom it belongs....

The United States Supreme Court has made it clear that the right to an attorney is a critical feature of the adversary system, not only guaranteed expressly by the Sixth Amendment, but also implicit in the Due Process Clause of the Fourteenth. Because it is a personal right of the accused, there is a concomitant right to waive it. But its fundamental place in our adjudicatory system has led to an insistence that its waiver not be lightly inferred. (citation omitted). Accordingly, while it is not indispensable that waivers be reduced to writing, or even that they be explicit, it is essential that no criminal defendant be subjected to formal adversarial judicial proceedings without a lawyer unless there is a basis for concluding that he knowingly, voluntarily, and intelligently relinquished or abandoned his right to the assistance of counsel. Cf. *North Carolina v. Butler,* 441 U.S. 369, 99 S.Ct. 1755, 60 L.Ed.2d 286 (1979); *Williams v. State,* 566 S.W.2d 919, 923 (Tex.Crim.App.1978). Plainly, such a conclusion cannot rationally be reached on the basis only of a failure to request that a lawyer be appointed. *Swenson v. Bosler,* 386 U.S. 258, 260, 87 S.Ct. 996, 998, 18 L.Ed.2d 33 (1967); *Ex parte Rains,* 555 S.W.2d 478, 482 (Tex. Crim.App.1977).

*Oliver,* 872 S.W.2d at 714–16.

█ Accordingly, appellant's failure to request counsel, despite being informed of his rights at the arraignment, does not operate as a valid waiver.

Lastly, the State argues that this Court can determine from the "totality of the circumstances" that appellant knowingly and voluntarily waived his right to counsel. The State maintains that since appellant had ap-

pointed counsel at the time he was convicted of assault and placed on probation, and, that since he was informed of his right to counsel at the arraignment and said he understood that right, and never expressed a desire to have counsel, he thus consciously chose not to be represented by an attorney. The State also refers to an "attorney" space left blank on the plea agreement form[4] as evidence that appellant desired to proceed without counsel and, finally, the State directs the court to a post-trial document filed by appellant in which he stated that he was "second guessing" his decision to appear in court without counsel.[5]

Ultimately, the issue is whether there was an affirmative, knowing, voluntary, and intelligent waiver of counsel. *Parker,* 545 S.W.2d at 155–56; *Johnson v. State,* 614 S.W.2d 116, 119 (Tex.Crim.App.1981). We note that the State's argument in this regard is based on appellant's past involvement with the criminal justice system and on his inaction rather than on any affirmative act. As already noted, however, appellant's failure to request counsel after being informed of the right to counsel does not amount to the voluntary relinquishment or abandonment of a known right. *Oliver,* 872 S.W.2d at 716. In addition, with respect to appellant's experience in the criminal justice system, the record merely shows that in October of 1993, when appellant was placed on probation, he was 18–years old, lived with his parents, had no assets and no business or occupation. When the State moved to revoke probation in January 1994, three of the five alleged violations were for failing to pay fees, and appellant was still 18–years old. Shortly after his probation was revoked, appellant filed an affidavit of indigency for purposes of appeal. The record shows, of course, that appellant had been before the court once before to plead guilty to the underlying offense, but the record does not show that appellant had appeared in court for a revocation hearing in

---

4. The transcript contains a "plea bargain agreement memorandum" in which the State and appellant requested revocation of probation with appellant to serve the sentence originally assessed. Appellant and counsel for the State signed the agreement. The signature line designated "counsel for the defendant" was left blank.

5. A second, late filed, pro se "notice of appeal" contains a paragraph in which appellant says he is "second guessing" himself about his decision to appear in court without counsel.

the past or that he understood the importance of having counsel at such a hearing. The record simply does not demonstrate appellant's familiarity with the criminal justice system, if that is even relevant.

The blank "attorney" space on the plea agreement form is no more helpful to the State's position than appellant's failure to request counsel. We cannot find that appellant affirmatively waived counsel by leaving a line blank on a form document.

Finally, we address appellant's "second guessing" statement which appears in a post-trial, second "notice of appeal." The language appellant uses parrots language from *Johnson v. State*, 614 S.W.2d 116, which is the only case cited by appellant. It thus appears to us that appellant is not admitting to having waived counsel intentionally, knowingly, and voluntarily, but instead is attempting to quote authority in support of his claim of having been denied counsel.

In conclusion, the trial court should have made the inquiries specified in *Oliver* in order to determine why an eighteen-year-old defendant, who was probably indigent and facing one year confinement, was appearing in court without counsel. Because of the court's failure to do so, we cannot find that appellant knowingly, voluntarily, and intelligently waived right to counsel. Accordingly, we sustain appellant's sole point of error.

■ We point out that the Code of Criminal Procedure directs that a defendant wishing to waive counsel do so in writing. TEX. CODE CRIM.PROC.ANN. art. 1.051(g) (Vernon Supp.1995). In *Burgess v. State*, 816 S.W.2d 424, 429–30 (Tex.Crim.App.1991), the Court held that a written waiver is not mandatory because such a mandate would work to the derogation of the defendant's independent right to self-representation. However, in this case appellant pled "true" and did not assert self-representation, *see Johnson v. State*, 614 S.W.2d at 119; thus there appears

to be no impediment to requiring a written waiver in this case.[6]

The judgment of the trial court revoking appellant's probation is reversed, and the cause is remanded to the trial court.[7]

---

6. For a review of the law's development regarding waiver of counsel and self-representation, see *Johnson v. State*, 760 S.W.2d 277, 279–291 (Tex. Crim.App.1988) (Onion, J., concurring in part and dissenting in part).

7. The judgment revoking probation contains erroneous form language that "the defendant in person and by his attorney" appeared in the court.