ACCEPTED
12-14-00225-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
1/21/2015 8:43:52 PM
CATHY LUSK
CLERK

ORAL ARGUMENT NOT REQUESTED

NO. 12-14-00225-CR

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
1/21/2015 8:43:52 PM
CATHY S. LUSK
Clerk

IN THE COURT OF APPEALS
12TH JUDICIAL DISTRICT
TYLER, TEXAS

---

FATIMA RAHMAN,
APPELLANT

VS.

THE STATE OF TEXAS,
APPELLEE

---

ON APPEAL IN CAUSE NUMBER 114-1451-10
FROM THE 114th JUDICIAL DISTRICT COURT
OF SMITH COUNTY, TEXAS
HONORABLE CHRISTI KENNEDY, JUDGE PRESIDING

APPELLANT'S BRIEF

JAMES W. HUGGLER, JR.
100 E. FERGUSON, SUITE 805
TYLER, TEXAS 75702
903-593-2400
STATE BAR NUMBER 00795437

ATTORNEY FOR APPELLANT

## IDENTITY OF PARTIES AND COUNSEL

APPELLANT:
   Fatima Rahman

APPELLANT'S TRIAL COUNSEL
   A. M. Thompson
   2108 S. Wall
   Tyler, Texas 75701
   903-596-7856

   James Huggler
   100 E. Ferguson, Suite 805
   Tyler, Texas 75702
   903-593-2400

   A. Reeve Jackson
   112 E. Line, Suite 310
   Tyler, Texas 75702
   903-595-6070

APPELLANT'S APPELLATE COUNSEL
   James Huggler
   100 E. Ferguson, Suite 805
   Tyler, Texas 75702
   903-593-2400
   903-593-3830 (fax)

APPELLEE
   The State of Texas

APPELLEE'S TRIAL COUNSEL
   Whitney Tharpe
   Richard Crowther
   Jacob Putman
   Chris Gatewood
   Smith County Criminal District Attorney's Office

100 N. Broadway, 4th Floor
Tyler, Texas 75702
903-590-1720
903-590-1719 (fax)

APPELLEE'S APPELLATE COUNSEL
Michael West
Smith County Criminal District Attorney's Office
100 N. Broadway, 4th Floor
Tyler, Texas 75702
903-590-1720
903-590-1719 (fax)

## TABLE OF CONTENTS

                                                              PAGE

IDENTITY OF PARTIES AND COUNSEL. . . . . . . . . . . . . . . . . . . . . . .  ii

TABLE OF CONTENTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  iv

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  vi

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ISSUES PRESENTED. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

> ISSUE ONE: The trial court erred in imposing attorney fees following a finding that Ms. Rahman was indigent and was appointed counsel.
>
> ISSUE TWO: The trial court erred in proceeding upon an unsigned application to revoke community supervision violating her right to due course of law under the Texas Constitution.
>
> ISSUE THREE: The trial court erred in proceeding upon an unsigned application to revoke community supervision violating her right to due process of law under the United States Constitution.

STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

SUMMARY OF ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

ISSUE ONE, RESTATED. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

    A. Law on Attorney Fees. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
    B. Standard of Review. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
    C. Application to These Facts. . . . . . . . . . . . . . . . . . . . . . . . . . . 9

    D. Remedy and Relief Requested.. . . . . . . . . . . . . . . . . . . . . . . . 11

ISSUE TWO, RESTATED.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

ISSUE THREE, RESTATED. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

    A. Standard of Review. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12
    B. Law on Probation Revocation Proceedings.. . . . . . . . . . . . . . 12
    C. Application to These Facts. . . . . . . . . . . . . . . . . . . . . . . . . . . 14
    D. Remedy and Relief Requested.. . . . . . . . . . . . . . . . . . . . . . . . 15

PRAYER. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

CERTIFICATE OF SERVICE.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

CERTIFICATE OF COMPLIANCE. . . . . . . . . . . . . . . . . . . . . . . . . . . 17

# TABLE OF AUTHORITIES

## STATUTES

TEX. CODE CRIM. PROC. ANN. art. 1.052( c) (West 2009). . . . . . . . . . . . 14

TEX. CODE CRIM. PROC. ANN. art. 2.04 (West 2013). . . . . . . . . . . . . . . 14

TEX. CODE CRIM. PROC. ANN. art. 15.05 4 (West 2013). . . . . . . . . . . . 15

TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West 2009). . . . . . . . . . . . . 6

TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West 2009). . . . . . . . . . . . . 6

TEX. CODE CRIM. PROC. ANN. art. 42.12§21(b) (West 2009). . . . . . . . . . 13

TEX. CODE CRIM. PROC. ANN. art. 103.001 (West 2009). . . . . . . . . . . . . 7

TEX. GOV'T CODE ANN. §§ 102.001-.142 (West 2009). . . . . . . . . . . . . . . 7

TEX. GOV'T CODE ANN. § 102.021 (West 2009). . . . . . . . . . . . . . . . . . . . 7

TEX. GOV'T CODE ANN. § 103.006 (West 2009). . . . . . . . . . . . . . . . . . . . 8

TEX. PENAL CODE ANN. §49.04  (West 2009). . . . . . . . . . . . . . . . . . . . 1, 3

TEX. PENAL CODE ANN. § 49.09(b)(2) (West 2009). . . . . . . . . . . . . . . 2, 3

## CASES

Armstrong v. State, 340 S.W.3d 759 (Tex. Crim. App. 2011). . . . . . . 7, 8

Bradley v. State, 564 S.W.2d 727, 729 (Tex. Crim. App. 1978). . . . . . . 12

Brent v. State, 916 S.W.2d 34, 37 (Tex. App. – Houston
     [1ˢᵗ Dist.] 1995, pet. ref'd). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Davenport v. State, 574 S.W.2d 73, 76 (Tex. Crim. App. 1978). . . . . . . 12

Gagnon v. Scarpelli, 411 U.S. 778, 36 L. Ed. 2d 656,
     93 S. Ct. 1756 (1973). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Garner v. State, 545 S.W.2d 178, 179 (Tex. Crim. App. 1977). . . . . . . 13

Howell v. State, 175 S.W.3d 786, 792 (Tex. Crim. App. 2005). . . . . . . . . 9

Jackson v. Virginia, 443 U.S. 307, 99 S. Ct. 2781,
     61 L. Ed. 2d 560 (1979). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Johnson v. State, 423 S.W.3d 385, 390 (Tex. Crim. App. 2014). . . . . . . 8

Johnson v. State, 405 S.W.3d 350, 354 (Tex. App. – Tyler
    2013, no pet). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 9

Lugaro v. State, 904 S.W.2d 842 (Tex. App. –
    Corpus Christi 1995, no pet). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Mayer v. State, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010). . . . . . . 6, 9

Montgomery v. State, 810 S.W.2d 372 (Tex. Crim. App. 1991). . . . . 9, 12

Naquin v. State, 607 S.W.2d 583, 586 (Tex. Crim. App. 1980). . . . . . . 12

Owen v. State, 352 S.W.3d 542, 5148 (Tex. App. – Amarillo
    2011, no pet). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

Shackelford v. State, 516 S.W.2d 180 (Tex. Crim. App. 1974). . . . . . . 15

Spruill v. State, 382 S.W.3d 518 (Tex. App. – Austin 2012, no pet.). . . 13

Weir v. State, 278 S.W.3d 364, 367 (Tex. Crim. App. 2009). . . . . . . . . . 7

Whitson v. State, 429 S.W.3d 632 (Tex. Crim. App. 2014). . . . . . . . . . 13

Williams v. State, 332 S.W.3d 694, 699 (Tex. App. – Amarillo
    2011, pet. denied). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

RULES
TEX. R. APP. PROC. 9.4. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

TEX. R. APP. PROC. 38. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

| FATIMA RAHMAN | § | IN THE COURT OF APPEALS |
| APPELLANT | § | |
| | § | |
| VS. | § | 12TH JUDICIAL DISTRICT |

FATIMA RAHMAN § IN THE COURT OF APPEALS

APPELLANT §

§

VS. § 12TH JUDICIAL DISTRICT

§

THE STATE OF TEXAS, §

APPELLEE § TYLER, TEXAS


APPELLANT'S BRIEF


TO THE HONORABLE COURT OF APPEALS AND THE JUSTICES THEREOF:


Fatima Rahman, ("Appellant"), by and through her attorney of record, James Huggler, and pursuant to the provisions of TEX. R. APP. PROC. 38, et seq., respectfully submits this brief on appeal.


STATEMENT OF THE CASE


Appellant was indicted in Cause Number 114-1451-10 and charged with the felony offense of driving while intoxicated.  I CR 2[1]; see TEX.

---

[1]  References to the Clerk's Record are designated "CR" with a roman numeral preceding "CR" indicating the correct volume and an arabic numeral following "CR" specifying the correct

PENAL CODE ANN. §§49.04, 49.09(b)(2) (West 2009). A guilty plea with an agreement for a probated sentence was entered. I CR 7; I RR 15-16[2]. The State filed an Application to Revoke Community Supervision. I CR 54-56. Mr. Rahman entered a plea of true to each allegation and after evidence and argument, the court revoked her probation and sentenced her to five years confinement. I CR 76-77; IV RR 34-35. Notice of appeal was timely filed. I CR 78. This Brief is timely filed on or before January 22, 2015 following proper extension granted by this Court.

---

page in the record.

[2] References to the Reporter's Record are designated "RR" with a roman numeral preceding "RR" indicating the correct volume, and an arabic numeral following "RR" specifying the correct page.

2

## ISSUES PRESENTED

ISSUE ONE:  THE TRIAL COURT ERRED IN IMPOSING ATTORNEY FEES FOLLOWING A FINDING THAT MS. RAHMAN WAS INDIGENT AND WAS APPOINTED COUNSEL.

ISSUE TWO, RESTATED: THE TRIAL COURT ERRED IN PROCEEDING UPON AN UNSIGNED APPLICATION TO REVOKE COMMUNITY SUPERVISION VIOLATING HER RIGHT TO DUE COURSE OF LAW UNDER THE TEXAS CONSTITUTION.

ISSUE THREE, RESTATED: THE TRIAL COURT ERRED IN PROCEEDING UPON AN UNSIGNED APPLICATION TO REVOKE COMUNITY SUPERVISION VIOLATING HER RIGHT TO DUE PROCESS OF LAW UNDER THE UNITED STATES CONSTITUTION.

## STATEMENT OF THE FACTS

Fatimah Rahman was indicted for the third degree felony offense of driving while intoxicated. I CR 3. TEX. PENAL CODE ANN. §§49.04 and 49.09(b)(2)(West 2009).  A plea agreement was reached and Ms. Rahman received a sentence of ten years probated for a period of seven years.  I RR 11.  A guilty plea was entered to the indictment and the two jurisdictional paragraphs.  I RR 15-16.  The court followed the plea agreement and sentenced Ms. Rahman accordingly.  II RR 8; I CR 19-20, 21-24.

3

The State filed three different motions to revoke the probation. I CR32-34, 44-46. The first motion was dismissed and the probation was modified. I CR 37-38. The second motion was also dismissed. I CR 47. The third motion to revoke filed on July 9, 2012 included the following allegations: (1) that Ms. Rahman was placed on probation; (2) that she used or consumed marijuana; (3) that she possessed marijuana; (4) and (5) that she failed to submit to urinalysis testing. I CR 54-56. Another application to revoke containing different allegations was also filed on July 8, 2014. I CR 60-62. This application alleged that Ms. Rahman (1) was placed on probation; (2) that she operated a motor vehicle while her driver's license was suspended in Tarrant County; (3) that she operated a motor vehicle while her license was suspended in Hood County; and (4) that she failed to pay supervision fees. I CR 60-62.

Ms. Rahman entered a plea of true to identity, and all substantive paragraphs to the July 8, 2014 application. I CR 73; IV 17-19. We know it was the July 8, 2014 application because the trial court read each allegation prior to asking a plea. IV RR 17-19. Following evidence and argument of counsel, the trial court found each paragraph true, revoked her probation and sentenced her to five years confinement. IV RR 34-35.

4

Further discussion of relevant facts is included below. Timely notice of appeal was filed. I CR 78. This appeal follows.

SUMMARY OF ARGUMENT

The error for this Court to consider in Issues One involves the improper assessment of court costs. The trial court improperly ordered reimbursement of attorney fees after Ms. Rahman was found to be indigent and was appointed counsel.

The second and third issues allege a violation of due process or due course of law because the trial court proceeded in the revocation proceedings upon an unsigned application to revoke probation which had been superseded by a signed application to revoke.

ARGUMENT

ISSUE ONE, RESTATED: THE TRIAL COURT ERRED IN IMPOSING ATTORNEY FEES FOLLOWING A FINDING THAT MS. RAHMAN WAS INDIGENT AND WAS APPOINTED COUNSEL.

A. Law on Attorney's Fees

A trial court has the authority to assess attorney's fees against a criminal defendant who received court-appointed counsel. TEX. CODE CRIM. PROC. ANN. art. 26.05(g)(West 2009). Once a defendant has been determined to be indigent, she is presumed to remain indigent for the remainder of the proceedings unless a material change in her financial circumstances occurs. TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West 2009). Before attorney's fees may be imposed, the trial court must make a determination supported by some factual basis in the record that the defendant has financial resources to enable him to offset in whole or in part the costs of the legal services provided. Johnson v. State, 405 S.W.3d 350, 354 (Tex. App. – Tyler 2013, no pet). If the record does not show any material change in the defendant's financial circumstances, the evidence will be insufficient to support the imposition of attorney's fees. TEX. CODE CRIM. PROC. ANN. art. 26.04(p); Mayer v. State, 309 S.W.3d 552, 553, 557

6

(Tex. Crim. App. 2013).

Court costs are pre-determined, legislatively-mandated obligations resulting from a conviction. See, e.g., TEX. GOV'T CODE ANN. §§ 102.001-.142 (West 2009) (setting forth various court costs that a convicted person "shall" pay). A sentencing court shall impose the statutory court costs at the time a defendant is sentenced. Armstrong v. State, 340 S.W.3d 759 (Tex. Crim. App. 2011); TEX. GOV'T CODE ANN. §102.021 (West 2009). Court costs are not punitive in nature and do not have to be included in an oral pronouncement of a sentence. Weir v. State, 278 S.W.3d 364, 367 (Tex. Crim. App. 2009).

A cost is not payable by the person charged with the cost until a written bill is produced or is ready to be produced, containing the items of cost, signed by the officer who charged the cost or the officer who is entitled to receive payment of the cost. TEX. CODE CRIM. PROC. ANN. art. 103.001 (West 2013). The clerk of the trial court is required to keep a fee record, and a statement of an item therein is prima facie evidence of the correctness of the statement. Owen v. State, 352 S.W.3d 542, 548 (Tex. App.—Amarillo 2011, no pet.) (citing TEX.CODE CRIM. PROC. ANN. art. 103.009(a), (c)). Until a certified bill of costs has been made part of the

7

record, a defendant has no obligation to pay court costs.  Owen, 352 S.W.3d at 547 (citing Armstrong, 340 S.W.3d at 765; Williams v. State, 332 S.W.3d 694, 699 (Tex. App. – Amarillo 2011, pet. denied).

If a criminal action is appealed, "an officer of the court shall certify and sign a bill of costs stating the costs that have accrued and send the bill of costs to the court to which the action or proceeding is transferred or appealed." TEX. CODE CRIM. PROC. ANN. art. 103.006 (West 2009).

## B. Standard of Review

The imposition of court costs upon a criminal defendant is a "nonpunitive recoupment of the costs of judicial resources expended in connection with the trial of the case." Johnson v. State, 423 S.W.3d 385, 390 (Tex. Crim. App. 2014). When the imposition of court costs is challenged on appeal, the court reviews the assessment of costs to determine if there is a basis for the cost, not to determine if there is sufficient evidence offered at trial to prove each cost. Johnson, 423 S.W.3d at 390.

The standard for reviewing a legal sufficiency challenge is whether

any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. See <u>Jackson v. Virginia</u>, 443 U.S. at 315-16, 99 S. Ct. at 2786-787; see also <u>Mayer v. State</u>, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010)(sufficiency review of evidence to support order of repayment of attorney fees as costs).

A challenge to a withdrawal of funds notification is reviewed for an abuse of discretion. <u>Williams</u>, 332 S.W.3d at 698. A trial court abuses its discretion when it acts "without reference to any guiding rules and principles. <u>Howell v. State</u>, 175 S.W.3d 786, 792 (Tex. Crim. App. 2005); <u>Montgomery v. State</u>, 810 S.W.2d 372, 380 (Tex. Crim. App. 1991). The reviewing court may modify a withdrawal order on direct appeal if the evidence is insufficient to support the assessment of court costs. <u>Johnson v. State</u>, 405 S.W.3d at 355.

## C. Application to These Facts

Ms. Rahman has been represented at all times following the initial trial of the case by appointed counsel. The record contains two different orders appointing counsel. I CR 36, 64. Finally, appellate counsel was

appointed for this appeal. IV RR 36. A motion was filed with the trial court seeking a free reporter's record on appeal. I CR 85-87. This motion was granted by the trial court without opposition from the State of Texas. I CR 88.

The November 22, 2010 order placing Ms. Spears on probation included $694.00 in court costs. I CR 19. However, the bill of costs prepared by the District Clerk's Office on July 30, 2012 does not match this amount, it specifically totals costs at $394.00. I CR 75. The final judgment signed July 23, 2014 reflects a zero balance for court costs. I CR 68-69.

The items listed on the bill of costs appear to be properly assessed costs. I CR 75. The properly assessed costs is exactly $300 less than the costs assessed in the initial judgment and paid by Ms. Rahman.

There is no evidence to contest the finding that Ms. Rahman was found indigent. Assessment of attorney's fees following a finding of indigence is improper. While the final judgment does not include the attorney's fee, the bill of costs does, and court costs, including attorney fees were improperly collected by the probation department impacting,

among other things the restitution owed.

The State of Texas collected an excess $300 attorney fee from Ms. Rahman. As this Court is aware, Smith County trial courts were, for a period of time, assessing a $300 fee as court costs to defendants who received appointed counsel. This Court has modified a number of judgments when this error occurred, and in most cases the State of Texas conceded the error.

## D. Remedy and Relief Requested

The fee seeking reimbursement for the appointed attorney was improperly assessed by the court and the clerk's office. The judgment and the bill of costs should be modified to reflect the amount of proper taxable court costs due, and the clerk's office should be ordered to return the improperly collected monies to Ms. Rahman.

ISSUE TWO, RESTATED: THE TRIAL COURT ERRED IN PROCEEDING UPON AN UNSIGNED APPLICATION TO REVOKE COMMUNITY SUPERVISION VIOLATING HER RIGHT TO DUE COURSE OF LAW UNDER THE TEXAS CONSTITUTION.

ISSUE THREE, RESTATED: THE TRIAL COURT ERRED IN PROCEEDING UPON AN UNSIGNED APPLICATION TO REVOKE COMUNITY SUPERVISION VIOLATING HER RIGHT TO DUE PROCESS OF LAW UNDER THE UNITED STATES CONSTITUTION.

A. Standard of Review

An appeal from an order revoking community supervision is reviewed using an abuse of discretion standard. Naquin v. State, 607 S.W.2d 583, 586 (Tex. Crim. App. 1980). A trial court abuses its discretion when its action or decision is not within the zone of reasonable disagreement. Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991).

B. Law on Probation Revocation Proceedings

Probation revocation proceedings are not criminal trials in the constitutional sense; rather, they are administrative in nature. Davenport v. State, 574 S.W.2d 73, 76 (1978); Bradley v. State, 564 S.W.2d 727, 729 (1978). However, a person placed on probation does not lose all their

12

rights. A probationer is entitled to a written motion to revoke that fully informs her of the violation of a term of probation which she is alleged to have breached. Garner v. State, 545 S.W.2d 178, 179 (Tex. Crim. App. 1977). A probationer is entitled to minimum requirements of due process which must be observed in revocation proceedings. Gagnon v. Scarpelli, 411 U.S. 778, 7869, 36 L. Ed. 2d 656, 93 S. Ct. 1756 (1973).

The State cannot file an application to revoke after the term of supervision has ended. Whitson v. State, 429 S.W.3d 632 (Tex. Crim. App. 2014). A motion to revoke must give fair notice of the allegations. Spruill v. State, 382 S.W.3d 518, 520 (Tex. App. – Austin 2012, no pet). A defendant has the right to counsel at revocation proceedings. Lugaro v. State, 904 S.W.2d 842, 843-44 (Tex. App. – Corpus Christi 1995, no pet). The State may amend a motion to revoke community supervision any time up to seven days before the date of the revocation hearing, after which time the motion may not be amended except for good cause shown, and in no event may the State amend the motion after the commencement of taking evidence at the hearing. TEX. CODE CRIM. PROC. ANN. art. 42.12 §21(b) (West 2009).

## C. Application to These Facts

There are two documents contained in the record seeking revocation of supervision. The first was filed on July 8, 2014 and contained four paragraphs. I CR 60-62. The second was filed on July 9, 2014 and contained five paragraphs. I CR 54-56. The trial court took a plea of true to each paragraph contained in the July 8, 2014 application. IV RR 17-19.

There are two problems with the trial court taking proceeding on the July 8, 2014 application. First, the July 8, 2014 application to revoke was superseded by the July 9, 2014 application to revoke. The second is that the pleading which was used was not signed by an attorney representing the State of Texas. I CR 62.

If a pleading is not signed, the court shall strike it unless it is signed promptly after the omission is called to the attention of the attorney or the defendant. TEX. CODE CRIM. PROC. ANN. art. 1.052( c) (West 2014). While that provision is contained in a section entitled "Signed Pleadings of Defendant", it applies equally to pleadings signed by the State of Texas.

A criminal complaint must be signed and attested to by a prosecuting attorney. TEX. CODE CRIM. PROC. ANN. art. 2.04 (West 2013).

14

A defect in a complaint if undated is defective.  <u>Shackelford v. State</u>, 516 S.W.2d 180 (Tex. Crim. App. 1974).  A complaint must also be signed. TEX. CODE CRIM. PROC. ANN. art. 15.05 4 (West 2013); <u>Brent v. State</u>, 916 S.W.2d 34.37 (Tex. App. – Houston [1ˢᵗ Dist.] 1995, pet. ref'd).

While Appellant does not claim that a motion to revoke probation is identical to a criminal complaint, it is certainly similar, especially in a due process or due course of law analysis.  The trial court erred in proceeding using an unsigned document.

## D. Remedy and Relief Requested

The trial court erred in proceeding upon an unsigned document and the proper remedy is to reverse the judgment and remand the matter to the trial court.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Counsel respectfully prays that this Court modify the judgment of the trial court and order reimbursement of improperly assessed fees in the first issue, and reverse and remand in the second issue.

Respectfully submitted,

 /s/ James Huggler
James W. Huggler, Jr.
State Bar Number 00795437
100 E. Ferguson, Suite 805
Tyler, Texas 75702
903-593-2400
903-593-3830 fax
ATTORNEY FOR APPELLANT

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing Brief of the Appellant has been forwarded to counsel for the State by electronic filing on this the 21st day of January, 2015.


 /s/ James Huggler

James W. Huggler, Jr.



Attorney for the State:

Mr. Michael West

Smith County Criminal District Attorney's Office

100 N. Broadway, 4th Floor

Tyler, Texas 75702



## CERTIFICATE OF COMPLIANCE

I certify that this Brief complies with Tex. R. App. P. 9.4, specifically using 14 point Century font and contains 3,527 words as counted by Corel WordPerfect version x5.


 /s/ James Huggler

James Huggler