COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



|                          |   |                       |
|--------------------------|---|-----------------------|
| BABATUNDE KAYODE ADIO,   | § | No. 08-13-00237-CR    |
|                          | § |                       |
| Appellant,               | § | Appeal from the       |
|                          | § |                       |
| v.                       | § | County Court at Law # 1 |
|                          | § |                       |
| THE STATE OF TEXAS,      | § | of Wise County, Texas |
|                          | § |                       |
| Appellee.                | § | (TC# CR-67925)        |
|                          | § |                       |

## **O P I N I O N**[1]

Babatunde Kayode Adio appeals the trial court's judgment revoking his deferred adjudication community supervision. In a single issue, Adio contends the trial court impermissibly denied him the right to counsel at the revocation hearing. We reverse and remand.

### FACTUAL AND PROCEDURAL BACKGROUND

Adio was charged with resisting arrest. *See* TEX.PENAL CODE ANN. § 38.03(a)(West 2011). He waived his right to a jury trial and, with the assistance of counsel, entered a negotiated guilty plea. In October 2011, the trial court found that the evidence supported a guilty finding, but deferred adjudicating guilt and placed Adio on deferred adjudication community supervision for 13 months. In January 2012, the State moved to adjudicate Adio's guilt, alleging he had violated

---

[1] This case was transferred to this Court from the Second Court of Appeals pursuant to an order issued by the Supreme Court of Texas. *See* TEX.GOV'T CODE ANN. § 73.001 (West 2013).

three of the conditions of his community supervision. Adio retained counsel, but his counsel filed a motion to withdraw, which the trial court granted in November 2012. Two months later, the State filed an amended motion to adjudicate Adio's guilt, alleging this time that he had violated five of the conditions of his community supervision, including the three initially identified.

In July 2013, the trial court held a hearing on the State's amended motion, at which Adio appeared without counsel. When the trial court asked him if he was ready to proceed, the following colloquy transpired:

> [ADIO]: My Lord, what I'm asking for is that I -- I talk to the prosecutor. I said I should go get a lawyer because my lawyer withdrew a few days ago because I'm -- because of non-payment. So I said if I can go make plans to get some money to pay my lawyer so that he can come and help me for my case.
>
> [THE TRIAL COURT]: Let's see. Let me look. I think they withdraw [sic] back in November or whatever. Well, here's the thing about this matter, it's been filed since – it's been pending since not this January but last January. And then all this time it's been hanging fire and then the -- finally the -- the attorney withdrew quite some time ago. But, I mean, all of this time, you know, you haven't requested any Court appointed attorney or anything. It's been set and, in fact, I personally overheard the settings and resettings of this case. There has been -- you know, you've represented numerous times that you were going to take a plea. So we'll set it. So we would set it. And the day would come up, and it wouldn't happen. It would get reset. And we're talking about this is 2013. So I think it's been pending since January 2012. And that's an extremely long time here. And any time throughout all of that, you know, you could have, you know, been saying, 'I can't afford an attorney. I need a Court appointed attorney,' or whatever.
>     And this is the day set for a hearing. You showed up late for this. It was set in the morning. You're late on this also. And, anyway, I will deny that request as being untimely basically because you've had plenty of time in which to let us know things. And so we're going to go ahead and proceed with the hearing.

The hearing proceeded, and Adio entered a plea of not true. After considering the evidence presented and the parties' arguments, the trial court found all of the State's allegations to be true, adjudicated Adio guilty of the charged offense, and sentenced him to 365 days' confinement.

**RIGHT TO COUNSEL**

2

Adio asserts he "requested an attorney, in fact begged for one[,]" and argues the trial court's refusal to honor his request and its "demand[] that he represent himself" violated his constitutional right to counsel. We agree.

A criminal defendant has both a constitutional and statutory right to counsel at a hearing on a motion to proceed to final adjudication following deferred adjudication.[2] *See* U.S. CONST. AMEND. VI; TEX.CONST. art. I, § 10; TEX.CODE CRIM.PROC.ANN. art. 42.12, § 21(d)(West Supp. 2014); *Mempa v. Rhay*, 389 U.S. 128, 137, 88 S.Ct. 254, 258, 19 L.Ed.2d 336 (1967); *Hatten v. State*, 71 S.W.3d 332, 333 n.1 (Tex.Crim.App. 2002); *Thompson v. State*, 626 S.W.2d 750, 753 (Tex.Crim.App. 1981). "Concomitant with the right to counsel is the right to waive counsel and to represent one's self." [Internal citations omitted]. *Hatten*, 71 S.W.3d at 333. "When a criminal defendant chooses to waive his right to counsel and represent himself, the waiver should be made 'knowingly and intelligently' and he should be warned of the 'dangers and disadvantages' accompanying such waiver." [Internal citations omitted]. *Id.* Thus, unless a defendant has knowingly and intelligently waived his right to counsel after proper inquiry and admonishment, a trial court may not proceed without counsel. *Oliver v. State*, 872 S.W.2d 713, 714-16 (Tex.Crim.App. 1994); *Lugaro v. State*, 904 S.W.2d 842, 843-44 (Tex.App.--Corpus Christi 1995, no pet.). The complete denial of the right to counsel is structural error requiring reversal without inquiry into harm. *Williams v. State*, 252 S.W.3d 353, 357 (Tex.Crim.App. 2008).

It is undisputed that Adio was not represented by counsel at the revocation hearing and that he informed the trial court he wanted to retain counsel. Adio was entitled to counsel, and the record contains no evidence that he knowingly and intelligently waived the right to counsel or clearly and unequivocally asserted the right of self-representation. Because the records fails to

[2] Adio does not assert this statutory right, and we do not consider it.

show that Adio waived the right to counsel and invoked the right of self-representation, the trial court reversibly erred by proceeding with the revocation hearing and entering judgment in the absence of counsel.

The State disputes the notion that the trial court violated Adio's right to counsel. In so disputing, the State does not argue Adio's failure to employ counsel in the months following retained counsel's withdrawal, during which time Adio appeared *pro se* at several hearings, constituted an abandonment of his right to counsel. Instead, the State contends the trial court was justified in proceeding without counsel because Adio's comments were more aptly characterized as a request for continuance and, under the *Windam* factors, the fair and efficient administration of justice outweighed Adio's right to retain chosen counsel. *See Ex parte Windham*, 634 S.W.2d 718, 720 (Tex.Crim.App. 1982)(enumerating a number of factors that should be weighed in determining whether an appellant is entitled to a continuance to employ counsel of his or her choosing). As the State correctly points out, a defendant who has chosen to represent himself or who is represented by counsel cannot attempt to manipulate the right to counsel so as to obstruct the orderly procedure in the courts or to interfere with the fair administration of justice by waiting until the eve of trial to request appointment of counsel or time to secure counsel of choice.[3] But

---

[3] *See, e.g.*, *Lewis v. State*, No. 02-12-00246-CR, 2014 WL 491746, at *3-5 (Tex.App.--Fort Worth Feb. 6, 2014, pet. granted)(mem. op., not designated for publication), *petition for discretionary review dism'd by*, 2015 WL 1759459 (Tex.Crim.App. April 15, 2015)(concluding trial court did not abuse discretion by refusing to appoint counsel on the day of trial when appellant attempted to withdraw his waiver of his right to counsel because the record supported the trial court's determination that appellant was attempting to manipulate the system); *Ramirez v. State*, No. 02-09-136-CR, 2010 WL 1946825, at *4-9 (Tex.App.--Fort Worth May 13, 2010, pet. ref'd)(mem. op., not designated for publication)(upholding one ruling, made weeks before trial, to deny appellant's request for different appointed counsel because he did not establish good cause for the appointment of different counsel and another ruling, made on the day of trial, to deny appellant's request for time to secure counsel of his choice because balancing the *Windham* factors led to the conclusion that the fair and efficient administration of justice outweighed appellant's right to retain chosen counsel); *Pickett v. State*, No. 2-08-439-CR, 2009 WL 3246755, at *4-6 (Tex.App.--Fort Worth Oct. 8, 2009, no. pet)(mem. op., not designated for publication)(affirming ruling, made on the day of trial, to deny appellant's request for more time to retain counsel because balancing the *Windham* factors led to the conclusion that the fair and efficient administration of justice outweighed appellant's right to counsel of his choice).

the State's argument fails to recognize that Adio was entitled to counsel and that he neither waived this right nor invoked the concomitant right to self-representation.

Adio's issue is sustained.

## CONCLUSION

The trial court's order is reversed, and the cause is remanded for a new hearing on the State's motion to adjudicate guilt.

August 21, 2015

YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rodriguez, and Hughes, JJ.
McClure, C.J., Concurring

(Do Not Publish)

5