John L. REDD, Appellant,

v.

The STATE of Texas, Appellee.

No. 56216.

Court of Criminal Appeals of Texas,
Panel No. 2.

Feb. 28, 1979.

Rehearing En Banc Denied
March 28, 1979.

Peter A. Lesser, Dallas, for appellant.

Henry Wade, Dist. Atty., John Tatum, Winfield Scott and D. Mark Elliston, Asst. Dist. Attys., Dallas, for the State.

Before DOUGLAS, ROBERTS and ODOM, JJ.

## OPINION

ODOM, Judge.

This is an appeal from a conviction for burglary of a vehicle wherein punishment was enhanced to life imprisonment. Appellant claims error was committed by improper prosecution jury argument, undue limitations on voir dire and discovery, and dismissal of a juror.

Appellant's first through fourth grounds of error concern a claim of improp-

er jury argument. Careful examination of the record indicates that the statements complained of could be viewed as either a response to appellant's argument or a reasonable deduction from the evidence but it is not necessary to go that far. Each of the four statements was objected to, the objection was sustained and the jury instructed to disregard the statement. "It is well established that a jury instruction to disregard a statement or remark will ordinarily cure the error, if any." *Watson v. State,* Tex.Cr.App., 532 S.W.2d 619. That principle holds true in this case. Any error was cured by the instructions to disregard. See *Fowler v. State,* Tex.Cr.App., 500 S.W.2d 643.

■ Appellant's fifth ground of error claims error was committed when the trial judge excused a juror on his own motion. He stated the juror was excused for "health and other reasons." The juror had stated on voir dire that she had an inner ear problem which would keep her from coming to court if it acted up and it was liable to do so at any time. She had not had any problem with it for six months but earlier it had kept her in bed off and on for a year. She testified that she never knew when it would act up and she was on medication for it at the time. The judge excused her.

Article 35.19, V.A.C.C.P., mandates an absolute disqualification of a prospective juror by stating: "No juror shall be impaneled when it appears that he is subject to the second, third or fourth cause of challenge in Article 35.16, though both parties may consent." The fourth cause of challenge in 35.16, V.A.C.C.P., states in part:

"(4) That he . . . has . . . such bodily . . . defect . . . as to render him unfit for jury service, . . ."

No error is shown. See *Ex parte Bronson,* 158 Tex.Cr.R. 133, 254 S.W.2d 117, at 121. The fifth ground of error is overruled.

■ Appellant's grounds of error six through nine complain about the trial court's refusal to allow him to determine what the verdicts were in previous trials where prospective jurors had served on a jury. He made a motion for discovery, which was denied, requesting the court to order the prosecutor to divulge that information if he had it. Appellant also filed a motion for a continuance to be allowed to go search the county's jury records to find the verdicts in question. This too was denied and defense counsel was not allowed to ask prospective jurors the verdicts rendered by the juries they had served on. The record reflects that this information was in the prosecutor's possession as the district attorney's office kept records of all past criminal juries and the verdicts they rendered. Appellant claims the fact that the State had this information and he did not constitute fundamental unfairness and a violation of his constitutional rights in that it kept him from intelligently using his peremptory strikes. The prosecutor asked the jurors who indicated previous criminal jury service what the offense had been, how long ago it was, if a verdict had been reached and if anything about their previous experience would render them unable to be fair and impartial in this case. Defense counsel was allowed to inquire more specifically into when the prior trial had been, the number of the court, and the name of the defendant and the judge.

In *Smith v. State,* Tex.Cr.App., 513 S.W.2d 823, we held that permissible areas of interrogation to determine use of peremptory challenges are broad and not to be unnecessarily limited.

"However, the decision as to the propriety of any question is left to the discretion of the trial court and the only review will be for abuse of that discretion." *Smith* at 826.

See also *Moore v. State,* Tex.Cr.App., 542 S.W.2d 664. Discretion was not abused in *Smith* because the proposed question duplicated other questions. Discretion was abused in *Abron v. State,* Tex.Cr.App., 523 S.W.2d 405, where defense counsel was not allowed to question deeply enough into racial prejudice in a rape case involving people from two different races. In the present case defense counsel was prevented from inquiring into and discovering what

verdicts had been reached in cases where those prospective jurors with prior jury service had served. This was not an abuse of discretion. Some limitation on voir dire is necessary or many trials would never end. See *Freeman v. State*, Tex.Cr.App., 556 S.W.2d 287. See also *Martin v. State*, Tex. Cr.App., 577 S.W.2d 490 (1979).

■ Appellant's motion for discovery asserted that the information in question was available under the Open Records Act, Art. 6252–17a, Vernon's Ann.Civ.St., and claims on appeal that the Act was violated by failure to produce this information. We do not reach this question because of appellant's failure to follow the procedures set out in the Act. See Sections 7 and 8 of the Act. The ground of error is overruled.

The judgment is affirmed.

ROBERTS, J., concurs in the result.