IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-90-159-CR




MACK HARVEY COLEMAN,


a/k/a SNOWMAN,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT



NO. 38,648, HONORABLE JACK W. PRESCOTT, JUDGE


 





PER CURIAM

 

 A jury found appellant guilty of delivering less than 28
grams of cocaine, a controlled substance. Tex. Health & Safety
Code Ann. § 481.112 (Pamph. 1991). The district court assessed
punishment at imprisonment for fifteen years.

 Stephen Wyatt testified that he purchased four rocks of
crack cocaine from appellant for $100. Wyatt was a "cooperating
individual." Following his own conviction for possession of
cocaine, Wyatt acted as a government informer in approximately
fifty cases, including appellant's. Daniel Sanchez, a military
policeman working undercover, testified that he was with Wyatt and
witnessed the transaction.

 Appellant's first two points of error concern jury voir
dire. First, appellant contends the court erred by overruling his
objection to a question propounded to venire member Smith by the
prosecutor. Smith had previously served as a juror in a criminal
case. The prosecutor asked Smith if the jury in that case assessed
punishment; Smith answered affirmatively. At this point,
appellant objected to the prosecutor inquiring into the outcome of
the previous trial.

 It is customary not to ask venire members with previous
jury experience the outcome of the earlier trial, and it has been
held that a trial court does not abuse its discretion by
prohibiting such questioning. Redd v. State, 578 S.W.2d 129 (Tex.
Cr. App. 1979). But appellant cites no authority holding that it
is error to permit such questions. Moreover, appellant did not
object to the question when it was asked, but only after the
question was answered. Finally, we fail to see how appellant was
harmed, since Smith did not serve on the jury. Reversible error is
not presented.

 Appellant's second point of error complains of the
overruling of his challenge for cause to venire member Saage. 
However, appellant did not request an additional peremptory
challenge or assert that an objectionable juror sat on the case. 
Thus, no harm is demonstrated. Harris v. State, 790 S.W.2d 568,
581 (Tex. Cr. App. 1989).

 In point of error three, appellant urges that the trial
court erred by granting the State's motion in limine relating to
the cross-examination of Wyatt. By its motion in limine, the State
asked that appellant be precluded from asking Wyatt his current
address without first demonstrating a need for this information. 
After defense counsel objected that he anticipated asking the
witness the town in which he lived, but not his address, the court
granted the motion. The court advised defense counsel that "I will
. . . let you be fully heard on that outside the presence of the
jury if we get to that point and we see any kind of compelling need
for that." During his subsequent cross-examination of Wyatt,
defense counsel did not return to this subject.

 Having never sought to cross-examine Wyatt as to his
residence, appellant presents nothing for review. Contrary to the
argument in his brief, the trial court did not "telegraph" to the
defense that he would not permit cross-examination on that subject
under any circumstances. The ruling on the motion in limine merely
required a preliminary showing of relevance before such
questioning. We find no abuse of discretion in this. See Castle
v. State, 748 S.W.2d 230 (Tex. Cr. App. 1988).

 Appellant's next point of error is based on the following
exchange between the prosecutor and Sanchez:


 Q.  And working undercover before are individuals
transferred frequently who work undercover?


 A. Yes, sir.


 Q. Could you tell the members of the jury why that is?


 A. Occasionally we'll have fear of life transfers where
threats are made against agents or people that assist the
agents.


 MR. POTTER: Your honor, we object to this. It is
completely not relevant to this inquiry. There hasn't
been fear of life situation brought here and we feel this
is entirely inflammatory and we object to it, sir.


 MR. CONVERY: I'm not suggesting that there is. I think
I can tie it up pretty quickly, Your Honor.


 THE COURT: All right. Objection overruled.


 MR. POTTER: Thank you, Your Honor.


 THE COURT: Limit it to what happened in this case.


 MR. POTTER: Thank you.


 Q. Investigator Sanchez, a narcotics officer whether he
be civilian or military is he of any value undercover
once he's been identified by the local narcotics
community?


 A. No, sir.



 Appellant argues that the State was seeking to inflame
the minds of the jurors by its questioning of Sanchez. However, it
is not clear that the witness' reference to "fear of life
transfers" was what the prosecutor had in mind when he asked why
undercover officers are often transferred. In any event, Sanchez
did not testify that he had been threatened, and there is no
evidence of threats to any other person in the record. We conclude
that the overruling of appellant's objection was at most harmless
error. Tex. R. App. P. Ann. 81(b) (Pamph. 1991).

 Another State witness was Temple police officer Dan
Wills. Wills testified that he heard Sanchez report over the
police radio that he "had just bought from a black male subject who
was wearing a letterman's jacket with an R on it which was gray in
front of the Groovy Grill." Appellant's hearsay objection to this
testimony was overruled, a ruling he brings forward as a point of
error. We conclude that no error is presented, as the testimony
was directed to establishing what was said rather than the truth of
what was said. McKay v. State, 707 S.W.2d 23, 33 (Tex. Cr. App.
1985); Tex. R. Cr. Evid. Ann. 801(d) (Pamph. 1991). 

 In three points of error, appellant complains of the
overruling of his objections to allegedly leading questions asked
by the prosecutor. The mode of interrogation of witnesses is
subject to the control of the trial court. Tex. R. Cr. Evid. Ann. 
610(a) (Pamph. 1991). Leading questions should not be used during
direct examination except as may be necessary to develop the
witness' testimony. Id. at (c). To the extent that the questions
to which appellant objected were leading, we find no abuse of
discretion in the trial court's rulings. These points of error are
overruled.

 Appellant's last points of error concern jury argument. 
First, appellant contends the court erred by overruling his
objection to the following statement by the prosecutor in his
opening argument:


 Mr. Potter brought out to the fact that this team of
Wyatt and Sanchez made some 60 cases. Did he go into
each one of them in detail, show you how they were a
sham? No. The only evidence that you have is the
testimony --


 MR. POTTER: Your Honor, may it please the court. We
feel that it's improper argument on the part of the State
to imply that there is a way that we can go into 60 cases
and show how each one is a sham. Your Honor, we feel
that those would not be relevant inquiry and that they
would be subject to objection by the State and ruling to
exclude them by the court and therefore, Your Honor, we
object to that sort of argument.



The prosecutor responded that appellant had "opened this door." 
The court agreed and overruled the objection, but instructed the
jurors that they were to consider the argument "under the evidence
and the evidence alone."

 The defense strategy in this cause was to challenge the
credibility of Wyatt and Sanchez. When he made the statement in
question, the prosecutor was responding to defense counsel's
efforts to discredit the witnesses during cross-examination. To
the extent that this argument improperly sought to place the burden
of proof on appellant, it was harmless beyond a reasonable doubt in
light of the court's instruction to the jury.

 Next, appellant complains that the prosecutor went
outside the record when he asked the jury "if [appellant] makes a
transaction like that every half an hour or so how much do you
think he's making? How much do you think he makes selling?" The
evidence was that appellant sold Wyatt four rocks of cocaine for
$100 in a transaction that took a few minutes. The prosecutor's
argument was a reasonable deduction from that evidence. The court
did not err in overruling appellant's objection.

 Appellant urges that the prosecutor again went outside
the record by telling the jury that "[t]his is a rather typical
case, a quick sale in front of a bar late at night." An officer
testified that the police received daily reports of drug sales
being made openly on the streets. There was testimony that the
instant transaction took place in an area known for drug dealing. 
The prosecutor's remark was a reasonable deduction from this
testimony.

 Finally, appellant contends the prosecutor misstated the
law when, in closing, he said that in order to acquit appellant the
jury must believe that Sanchez "lied and fabricated a transaction
that really never took place." Contrary to appellant's contention,
we do not believe that this was an attempt to place the burden on
appellant to prove his innocence. Sanchez testified that he saw
appellant sell cocaine to Wyatt. In order to find appellant not
guilty, the jury would necessarily have to disbelieve this
testimony. No error is presented.

 The judgment of conviction is affirmed.



[Before Chief Justice Carroll, Justices Jones and B. A. Smith]

Affirmed

Filed:  June 12, 1991

[Do Not Publish]