Affirmed and Memorandum Opinion filed November 15, 2005









Affirmed and Memorandum Opinion filed November 15, 2005.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-04-00867-CR

_______________

 

RODERICK ALLEN BATISTE, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

_____________________________________________________________

 

On Appeal from the 405th District Court

Galveston County, Texas

Trial Court Cause No. 03CR3199

_____________________________________________________________

 

M E M O R A N D U M   O P I N I O N

 

Roderick
Allen Batiste appeals a conviction for aggravated assault[1]
on the grounds that the trial court erred by (1) denying him access to jury
records kept by the district attorney=s office and used by the State during
the jury selection process; (2) denying appellant=s motion for a psychiatric
examination; and (3) failing to exclude the testimony of a witness for the
State regarding an extraneous offense. 
We affirm.








Appellant=s first issue contends that the court
erred in denying his oral motion for access to the information in the State=s database, which appellant alleges
to contain data regarding panel members= prior jury service, including how
they voted in previous criminal jury trials.  The State responded that the records
were privileged work product and, without commenting, the court denied
appellant=s motion.  As a preliminary matter, because
appellant did not develop a record of what, if anything, was contained in the
alleged database, we have no basis to decide whether it was subject to any
privilege or otherwise immune from disclosure.

In
addition, the State generally has no obligation to furnish defense counsel with
information it has in regard to prospective jurors.  See Etheridge v. State, 903
S.W.2d 1, 7 (Tex. Crim. App. 1994). 
Here, appellant asserts that the State had an unfair advantage through
its possession of such information because defense counsel is traditionally
barred from questioning venire members about prior criminal jury experience,
particularly verdicts rendered or punishment assessed.  However, appellant cites no authority
that any such advantage is grounds to require disclosure.  Moreover, a review of the case law does
not suggest that it is improper to ask jurors about their previous
verdicts, but only that it is within the trial court=s discretion whether to allow such
questions.[2]  Because appellant=s first issue thus fails to
demonstrate that the trial court abused its discretion by denying appellant=s request to examine any jury service
records possessed by the State, it is overruled.








Appellant=s second issue argues that the trial
court erred by conducting only a cursory hearing on his motion for a
psychiatric examination to determine his competency.  We review such a ruling for abuse of
discretion.  Ross v. State,
133 S.W.3d 618, 627 (Tex. Crim. App. 2004).  A person is incompetent to stand trial
if the person does not have a sufficient present ability to consult with the
person=s lawyer with a reasonable degree of
rational understanding or both a rational and factual understanding of the
proceedings against the person.  Tex. Code Crim. Proc. Ann. art.
46B.003(a) (Vernon Supp. 2005).  On
a suggestion by a party or the court that a defendant may be incompetent to
stand trial, the trial court determines by informal inquiry whether there is
some evidence from any source that would support a finding that the defendant
is incompetent. Id. art. 46B.004(a), (c).  If, after such an inquiry, the trial
court determines that such evidence exists, it shall order an examination to
determine whether the defendant is incompetent.  Id. art. 46B.005(a).

In
this case, at the hearing on appellant=s motion for a psychiatric
examination to determine his competency, the only evidence appellant offered
was his own testimony that he was taking psychotherapeutic medications to
control anxiety attacks and other symptoms.[3]  Conversely, appellant testified that:
(1) he was able to talk to his lawyer about the charges against him and answer
his lawyer=s questions; (2) he understood what
he was charged with; and (3) he was able to identify the parties involved in
the hearing and he understood the process of the trial.  Because appellant thus failed to provide
some evidence that would support a finding that he was incompetent, the trial
court did not abuse its discretion by denying his request for a psychiatric
examination.  Accordingly, appellant=s second issue is overruled.








Appellant=s third issue challenges the trial
court=s admission of evidence of an
extraneous offense that appellant contends was not proven beyond a reasonable
doubt because the testimony describing this offense included impermissible
hearsay evidence and was uncorroborated.[4]  This evidence was offered during the
punishment phase of the trial, where extraneous offense evidence is admissible
to the extent the trial court deems it relevant to sentencing and the offense
is shown beyond a reasonable doubt to have been committed by the
defendant.  Tex. Code Crim. Proc. Ann. art. 37.07 ' 3(a)(1) (Vernon Supp. 2005); Huizar
v. State, 12 S.W.3d 479, 480-81 (Tex. Crim. App. 2000).  Because appellant=s third issue cites no legal
authority that the uncorroborated hearsay testimony of a single witness cannot
satisfy this requirement, it affords no basis for relief.  Accordingly, it is overruled, and the
judgment of the trial court is affirmed.

 

/s/        Richard H. Edelman

Justice

 

Judgment rendered
and Memorandum Opinion filed November 15, 2005.

Panel consists of
Justices Fowler, Edelman and Guzman.

Do Not Publish C Tex.
R. App. P. 47.2(b).

 

 











[1]           Appellant
pled guilty, and a jury assessed punishment of 80 years confinement.





[2]           See
Bolden v. State, 634 S.W.2d 710, 712 (Tex. Crim. App. 1982) (finding no
abuse of discretion in not allowing appellant=s
counsel to question venire members about their previous verdicts even though
the information was allegedly possessed by the prosecutor); Redd v. State,
578 S.W.2d 129, 130-31 (Tex. Crim. App. 1979) (noting that where prosecutor had
records of prior jury service and verdicts rendered, trial court did not abuse
its discretion in denying defense counsel from asking potential jurors about
their previous verdicts because some Alimitation
on voir dire is necessary or many trials would never end@).





[3]           Appellant
described his symptoms as follows: AMy
peripheral vision I haveBI don=t know what it is yet, but I see things.  If there was a dot on the wall or a mark
on the wall, I wouldBI can swear I see this thing moving or a bug=s crawling on me.@  However, in response to his counsel=s question regarding whether the medication was
causing him an inability to assist at trial, he stated, AWithout the medication I stay up searching, looking
for things.  It=s the only thing that allows me to rest.@ 





[4]           The
trial court permitted the State to present testimony concerning this offense to
the jury after determining that the State had made a threshold showing that it could
prove the offense beyond a reasonable doubt.