ACCEPTED
04-14-00916-CR
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
4/13/2015 1:28:13 PM
KEITH HOTTLE
CLERK

**NO. 04-14-00916-CR**

IN THE
FOURTH COURT OF APPEALS
OF TEXAS
AT SAN ANTONIO, TEXAS

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
4/13/2015 1:28:13 PM
KEITH E. HOTTLE
Clerk

---

**EBERTO A. MENDEZ**,
Appellant

VS.

**THE STATE OF TEXAS**,
Appellee

---

Trial Court No. 2009CR2760
Appeal from the 175th District Court
of Bexar County, Texas
Hon. Mary D. Roman, Presiding

**BRIEF IN SUPPORT OF MOTION TO WITHDRAW**

RICHARD B. DULANY, JR.
Texas Bar No. 06196400
Assistant Public Defender
Bexar County Public Defender's Office
101 W. Nueva St., Suite 310
San Antonio, Texas 78205
(210) 335-0701
FAX (210) 335-0707
richard.dulany@bexar.org

ORAL ARGUMENT WAIVED

ATTORNEY FOR APPELLANT

## Identity of Parties and Counsel

Pursuant to TEX. R. APP. P. 38.1(a), the parties are:

**APPELLANT**
EBERTO A. MENDEZ
TDCJ# 01965661
Dominguez State Jail
6535 Cagnon Road
San Antonio, TX 78252-2202

**APPELLANT'S ATTORNEY**
**AT THE REVOCATION HEARING:**
John Garcia (State Bar No. 50511937)
615 East Houston Street
San Antonio, TX 78298

**ON APPEAL:**
Richard B. Dulany, Jr. (State Bar No. 06196400)
Assistant Public Defender
Bexar County Public Defender's Office
101 W. Nueva St., Ste. 310
San Antonio, TX 78205

**STATE'S ATTORNEY'S**
**AT THE REVOCATION HEARING:**
Sade Mitchell (State Bar No. 24076564)
Assistant District Attorney
Paul Elizondo Tower
101 W. Nueva, Fourth Floor
San Antonio, TX 78205

**ON APPEAL:**
Nicolas A. LaHood, Bexar County District Attorney
(or his appellate section)
Bexar County District Attorney's Office
Appellate Division
101 W. Nueva St., Ste. 710
San Antonio, TX 78205

**TRIAL COURT:**
**AT THE REVOCATION HEARING:**
Hon. Mary D. Roman, Judge Presiding
175th District Court
Cadena-Reeves Justice Center
300 Dolorosa St., Fourth Floor
San Antonio, TX 78205

# Table of Contents

Page

Identity of Parties and Counsel ...................................................................................ii-iii

Table of Contents .............................................................................................................iv

Table of Authorities ...................................................................................................... v-vi

A Note on Record References............................................................................................ vii

Certificate of Compliance ................................................................................................ vii

Statement of the Case..................................................................................................... 1-2

No Meritorious Issues Presented for Review ........................................................................3

> Pursuant to *Anders v. California*, 386 U.S. 738 (1967) and *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978), counsel for Appellant has diligently searched the record and upon researching all applicable law has determined that this appeal is without merit and frivolous.

Summary of Facts ............................................................................................................ 3-5

Summary of the Argument.................................................................................................5

Summary of the Facts Pertinent to *Anders v. California*...........................................5

Argument and Authorities............................................................................................. 6-11

Conclusion ................................................................................................................... 11-12

Prayer ..............................................................................................................................13

Certificate of Service ........................................................................................................14

Appendix ..........................................................................................................................15

# Table of Authorities

**Cases**

*Anders v. California*, 386 U.S. 738 (1967).................................................... passim

*Bone v. State*, 77 S.W.3d 828 (Tex. Crim. App. 2002) ..............................8

*Cobb v. State*, 851 S.W.2d 871 (Tex. Crim. App. 1993).............................6

*Cole v. State*, 578 S.W.2d 127 (Tex. Crim. App. 1979)...............................6

*Duncan v. State*, 321 S.W.3d 53 (Tex.App. – Houston [1st Dist.] 2010, pet. ref'd).6, 7

*Ex parte Beck*, 922 S.W.2d 181 (Tex. Crim. App. 1996)........................11

*Ex parte Raborn*, 658 S.W.2d 602 (Tex. Crim. App. 1983)..................7, 8

*Ex parte Wilson*, 724 S.W.2d 72 (Tex. Crim. App. 1987)........................8

*Harmelin v. Michigan*, 501 U.S. 957, 111 S. Ct. 2680, 115 L.Ed.2d 836 (1991)...10

*Harris v. State*, 656 S.W.2d 481 (Tex. Crim. App. 1983).......................10

*Hays v. State*, 933 S.W.2d 659 (Tex. App. – San Antonio 1996, no pet.) ................6

*Hernandez v. State*, 726 S.W.2d 53 (Tex. Crim. App. 1986)...................7

*Hernandez v. State*, 988 S.W.2d 770 (Tex. Crim. App. 1999)................8

*High v. State*, 537 S.W.2d 807 (Tex.Crim.App. 1978)................................ iv, 3, 12

*Johnson v. United States*, 360 F.2d 844 (D.C. Cir. 1966) ......................11

*Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014) ........................12

*Lugaro v. State*, 904 S.W.2d 842 (Tex. App. – Corpus Christi 1995, no pet.) .........7

*McMahon v. State*, 528 S.W.2d 771 (Tex. Crim. App. 1975) ..................................12

*Mercado v. State*, 718 S.W.2d 291 (Tex. Crim. App. 1986) ....................................9

*Nix v. State*, 65 S.W.3d 664 (Tex.Crim.App. 2001) ...............................................7

*Puga v. State*, 916 S.W.2d 547 (Tex.App. – San Antonio 1996, no pet.) ................9

*Rylander v. State*, 101 S.W.3d 107 (Tex. Crim. App. 2003) ....................................9

*Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984) .7, 10

*Wilkerson v. State*, 726 S.W.2d 542 (Tex. Crim. App. 1986) ..................................8

*Yabrra v. State*, 890 S.W.2d 98 (Tex. App. – San Antonio 1994, pet. ref'd) ...........7

**Statutes**

TEX. CODE CRIM. PROC. ANN. art. 4.05 (West 2005) ................................................11

TEX. CODE CRIM. PROC. ANN. art. 21.02 (West 2009) ..............................................11

TEX. CODE CRIM. PROC. ANN. art. 42.12, § 21(d) (West 2015) .................................7

TEX. CONST. art. I § 13 .............................................................................................10

TEX. CONST. art. V § 16 ...........................................................................................11

TEX. GOV'T CODE ANN. § 24.139(b) (West 2009) ...................................................11

TEX. GOV'T CODE ANN. § 24.268 (West 2009) ........................................................11

TEX. PENAL CODE ANN. § 12.34 (West 2015) .........................................................9

TEX. PENAL CODE ANN. § 22.04(f) (West 2015) ......................................................9

U.S. CONST. art. VIII.................................................................................................10

## A Note on Record References

The reporter's record in this case consists of one volume, from the hearing on the motion to adjudicate guilt and revoke probation. Reference to the reporter's record will be: (RR at ___). A reference to the clerk's record will be: (CR at ___). A reference to the supplemental clerk's record will be:  (SCR at ___).

## Certificate of Compliance

Pursuant to TEX. R. APP. P. 9.4(i)(1) & (i)(2)(B), the word count, from the beginning of the Summary of Facts until, but excluding, the signature block, is: 2,283. The total word count is 3,937.

TO THE FOURTH COURT OF APPEALS OF TEXAS:

The undersigned attorney submits this brief in support of his motion to withdraw. This is an appeal from a judgment adjudicating Appellant guilty of intentionally or knowingly causing bodily injury to a child, after revoking his community supervision (probation), upon his plea of true.[1]

## Statement of the Case

The Appellant, Eberto A. Mendez, was charged by indictment with intentionally or knowingly causing bodily injury to a child. (CR at 5). The indictment alleged that the offense was committed on or about May 9, 2008. (CR at 5). The indictment was filed on March 25, 2009. (CR at 5).

On March 30, 2010, Appellant entered a negotiated guilty plea to the charged offense. (CR at 13). The trial court, the Honorable Mary Roman presiding, followed the terms of the plea agreement, deferred adjudication of guilt, and placed Appellant on community supervision for three years with a $1,500 fine. (CR at 15, 28). The term of community supervision began on May 3, 2010. (CR at 30). The term of community supervision was later extended by two years, from May 2, 2013 until May 3, 2015. (CR at 39).

On October 17, 2014, the State filed a "Motion to Enter Adjudication of Guilt And Revoke Community Supervision (Adult Probation)." (CR at 42). The

---

[1] In this brief, the terms "community supervision" and "probation" are used interchangeably.

1

motion alleged that Appellant violated several of the conditions of community supervision, including Condition No. 5, which asserted that he failed to report to the Supervision Officer for the months of June, July, August or September 2014. (CR at 42).

On November 5, 2014, the trial court, the Honorable Mary Roman presiding, held an evidentiary hearing on the motion to revoke. (RR at 1). The trial court adjudicated Appellant guilty of the charged offense and revoked his probation upon his plea of "true" to the allegation that he failed to report to the Supervising Officer, in violation of Condition No. 5 of his community supervision agreement. (RR at 4-5). The State waived the remaining allegations in the motion to adjudicate. (RR at 4-5). The trial court sentenced Appellant to imprisonment in the Institutional Division of the Texas Department of Criminal Justice for five years, with no fine. (RR at 5)(CR at 49). The sentence runs concurrently with the five-year sentence imposed in cause number 2011-CR-5500. (RR at 6)(CR at 49).

On December 12, 2014, Appellant timely filed a pro se notice of appeal.[2] (CR at 63). The trial court certified that Appellant has a limited right of appeal the adjudication of guilt following a deferred adjudication. (SCR at 6). On December 29, 2014, the trial court appointed the Bexar County Public Defender's Office to represent Appellant on appeal. (CR at 76). This appeal follows.

---

[2] The notice of appeal was mailed to the trial court clerk on December 4, 2014. (CR at 68).

## No Meritorious Issues Present for Review

In compliance with the requirements of *Anders v. California*, 386 U.S. 738 (1967) and *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978), the undersigned, court-appointed attorney states that he has diligently reviewed the entire record in this cause and the law applicable thereto, and, in his opinion, has determined that this appeal is wholly frivolous and without merit in that the record reflects no reversible error, and no issues for review upon which an appeal may be predicated.

## Summary of Facts

Eberto A. Mendez, the Appellant, was charged by indictment with the felony offense of intentionally or knowingly causing bodily injury to a child. (CR at 5). The indictment alleged that the offense was committed on or about May 9, 2008. (CR at 5). On March 30, 2010, Appellant entered a negotiated guilty plea to the charged offense. (CR at 13, 15). The trial court, the Honorable Mary Roman presiding, deferred adjudication of guilt and placed Appellant on probation for three years, with a $1,500.00 fine. (CR at 28-29). The term of Appellant's probation began on May 3, 2010. (CR at 30). The term of probation was extended by two years, from May 2, 2013 until May 3, 2015. (CR at 39).

On October 17, 2014, the State filed a "Motion to Enter Adjudication of Guilt And Revoke Community Supervision (Adult Probation)." (CR at 42-43). The

motion alleged inter alia that Appellant violated Condition No. 5 by failing to report to the Supervision Officer for the months of June, July, August or September 2014. (CR at 42).

A revocation hearing was held in the trial court on November 5, 2014, the Hon. Mary Roman, presiding. (RR at 1). Appellant was represented by counsel. (RR at 2). The attorney for the State proceeded on the allegation that Appellant violated Condition No. 5 by failing to report to the Supervision Officer. (RR at 4). The trial court asked Appellant how he pled to the allegation, "true or not true?" (RR at 4-5). Appellant replied, "True, Your Honor." (RR at 5). The State did not proceed on the remaining allegations. (RR at 4).

In exchange for his plea of "true," Appellant and the State agreed that the State would recommend that Appellant be sentenced to five years of imprisonment in this cause, and in cause number 2011-CR-5500, to run concurrently. (RR at 5). The trial court found the allegation that Appellant violated a condition of his probation to be true. (RR at 5). The trial court revoked Appellant's probation, adjudicated him guilty of the charged offense, and sentenced him to five years of imprisonment in the Texas Department of Criminal Justice. (RR at 5-6)(CR at 49-50).

The trial court certified that Appellant has a limited right to appeal the order revoking probation only. (SCR at 6). On December 12, 2014, Appellant timely

4

filed a pro se notice of appeal. (CR at 63). On December 29, 2014, the trial court appointed the Bexar County Public Defender's Office to represent Appellant on appeal. (CR at 76). This appeal follows.

## **Summary of the Argument**

In the professional opinion of the undersigned counsel for Appellant, after a diligent search of the record and of the applicable law, there is no reversible error reflected in the record. Therefore, this appeal is without merit and frivolous.

## **Summary of Facts Pertinent to *Anders v. California***

The record in this case clearly reflects that the trial court had before it Appellant's plea of true to the allegation that he violated Condition No. 5 of his probation by failing to report to the Supervision Officer as directed. Appellant's plea of true to that allegation, standing alone, was sufficient to support the trial court's decision to adjudicate him guilty of the charged offense and revoke his probation.

Moreover, the record does not indicate that Appellant received ineffective assistance of counsel, and does not indicate that there are any jurisdictional defects. The record reflects that Appellant's plea of true was voluntary. The sentence imposed was also within statutory range of punishment. In short, undersigned counsel can find no meritorious issues for review to raise on Appellant's behalf. As such, this appeal is frivolous and without merit.

5

## Argument and Authorities

In a probation revocation hearing, the State must prove by a preponderance of the evidence that the probationer violated a condition of his or her probation. *Cobb v. State*, 851 S.W.2d 871, 874 (Tex. Crim. App. 1993). The evidence meets this standard when the greater weight of the credible evidence creates a reasonable belief that a defendant has violated a condition of his community supervision. *Duncan v. State*, 321 S.W.3d 53, 57 (Tex. App. —Houston [1st Dist.] 2010, pet. ref'd). To support the trial court's order to adjudicate guilt, the State need only establish one sufficient ground for revocation. *Id.*

A plea of true to a violation, standing alone, is sufficient to support the trial court's order revoking Appellant's probation and adjudicating him guilty. *Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. 1979); *Hays v. State*, 933 S.W.2d 659, 661 (Tex. App. – San Antonio 1996, no pet.); *Duncan*, 321 S.W.3d at 58. There is no reason for a trial court to disregard a plea of true, even if defensive issues are later presented. *Id.*

Here, Appellant pleaded true to allegations that he violated Condition No. 5 of his probation by failing to report to the Supervision Officer. (RR at 22). His plea of true, standing alone, provides sufficient evidence to support revocation. *Cole*, 578 S.W.2d 129. So, unless Appellant can show either that counsel was ineffective

6

at the revocation hearing, or that there is a jurisdictional defect,[3] he has no appealable issues.

**The record does not indicate ineffective assistance of counsel.**

A defendant in a revocation proceeding is entitled to effective assistance of counsel, unless counsel is waived. TEX. CODE CRIM. PROC. ANN. art. 42.12, § 21(d) (West 2015); *see Lugaro v. State*, 904 S.W.2d 842, 843 (Tex. App. – Corpus Christi 1995, no pet.). In a claim that a defendant received ineffective assistance of counsel, the defendant bears the burden of establishing ineffective assistance by a preponderance of the evidence. *Yabrra v. State*, 890 S.W.2d 98, 112 (Tex. App. – San Antonio 1994, pet. ref'd). The test for ineffective assistance of counsel is derived from the Supreme Court case *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and adopted by the Texas Court of Criminal Appeals in *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986). In order for counsel to be deemed ineffective, it must be shown that counsel's representation "fell below an objective standard of reasonableness" and there is the probability that, but for counsel's deficient performance, the result would have been different. *Id*. at 55. The test is applied to the "totality of the representation" rather than to isolated acts or omissions of trial counsel, *Ex parte Raborn*, 658

---

[3] Jurisdictional defects which render a judgment void may be raised in the context of an appeal of a probation revocation. *Nix v. State*, 65 S.W.3d 664, 668 (Tex. Crim. App. 2001); *Duncan*, 321 S.W.3d at 57.

7

S.W.2d 602, 605 (Tex. Crim. App. 1983), and is applied at the time of the proceeding, not through hindsight. *Wilkerson v. State*, 726 S.W.2d 542, 548 (Tex. Crim. App. 1986). It is rare for the record in a direct appeal to contain sufficient information to permit an appellate court to evaluate the merits of a claim of ineffective assistance. *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002).

The *Strickland* test requires an accused to show that his or her counsel's representation fell below an objective standard of reasonableness and that the deficient performance prejudiced the defense. In meeting the second prong, that defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Ex parte Wilson*, 724 S.W.2d 72, 74 n. 1 (Tex. Crim. App. 1987). Thus, the defendant must show that he was prejudiced as a result of deficient attorney performance. *Hernandez v. State*, 988 S.W.2d 770 (Tex. Crim. App. 1999).

The undersigned counsel has searched the record, and has not found any facts that suggest that reversible error occurred in the revocation proceeding. Appellant may argue that trial counsel should not have allowed him to plead true, since that plea standing alone gave the trial court authority to adjudicate him guilty and revoke his probation. However, that argument would not be meritorious. The appellate court will not second-guess trial counsel's strategy, nor is the court privy to the reasons counsel may have advised Appellant to plead true. Judicial scrutiny

8

of counsel's performance must be highly deferential, and a reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" *Rylander v. State*, 101 S.W.3d 107, 110 (Tex. Crim. App. 2003). Thus, "the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.*

With regard to any challenge to the propriety of the sentence, trial counsel failed to preserve error by failing to object or file a motion for new trial. *Mercado v. State*, 718 S.W.2d 291, 296 (Tex. Crim. App. 1986). However, when the punishment assessed by the court is within the statutory range for the underlying offense, "it is not within the province of an appellate court to pass upon the propriety of the sentence." *Puga v. State*, 916 S.W.2d 547, 550 (Tex.App. – San Antonio 1996, no pet.).

Appellant was convicted of intentionally or knowingly causing bodily injury to a child, a third-degree felony. *See* TEX. PENAL CODE ANN. § 22.04(f) (West 2015). The punishment range for that offense is imprisonment in the Texas Department of Criminal Justice for any term of not more than 10 years or less than 2 years, with a possible fine not to exceed $10,000. TEX. PENAL CODE ANN. § 12.34 (West 2015). The sentence actually imposed—5 years of imprisonment, with no fine—was well within the statutory range. (RR at 6)(CR at 49). Moreover, the

9

trial court gave Appellant credit for the time he had already served. (RR at 7)(CR at 49).

The punishment is within the range established by the Legislature, and, as such, does not violate the constitutional prohibitions against cruel and unusual punishment under either U.S. CONST. art. VIII or TEX. CONST. art. I § 13; *Harris v. State*, 656 S.W.2d 481, 486 (Tex. Crim. App. 1983). Nor does the undersigned attorney discern anything in the record to suggest that the punishment assessed is grossly disproportionate to the crime. *See Harmelin v. Michigan*, 501 U.S. 957, 111 S. Ct. 2680, 115 L.Ed.2d 836 (1991). Additionally, no objection was made to the punishment assessed at the revocation hearing. (RR at 6-7).

The facts in the present case do not support an assertion that Appellant received ineffective assistance from his revocation counsel. The totality of the representation appears to be sound. Appellant's plea of true was entered as part of an agreement that revocation counsel negotiated with the attorney for the State. (RR at 5). In addition, revocation counsel made sure that the sentence imposed in this cause ran concurrently with the sentence imposed in cause number 2011-CR-5500, and made sure that Appellant was given credit for his "back time." (RR at 6-7). For these reasons, the record does not support a finding that defense counsel's performance fell below an objective standard of reasonableness under *Strickland*. Therefore, it is unnecessary to reach the second prong of the analysis.

**There are no jurisdictional defects**.

A defect which renders a sentence void may be raised at any time. *Ex parte Beck*, 922 S.W.2d 181, 182 (Tex. Crim. App. 1996). But the sentence in this case is not void on any ground and there are no jurisdictional defects apparent from the record. The 175th District Court of Bexar County, Texas, has jurisdiction over felony cases, such as this one. TEX. CODE CRIM. PROC. ANN. art. 4.05 (West 2005); TEX. GOV'T CODE ANN. §§ 24.139, 24.268 (West 2009). The indictment was in proper form, pursuant to TEX. CODE CRIM. PROC. ANN. art. 21.02 (West 2009), and correctly alleged the offense of intentionally or knowingly causing bodily injury to a child. (CR at 5). The indictment conferred jurisdiction on the trial court by virtue of TEX. CONST. art. V § 16.

## Conclusion

After a thorough review of the record, the undersigned attorney is unable to identify any potentially meritorious points on appeal. It is the professional opinion of the undersigned counsel that the appeal is frivolous and without merit.[4] *See Anders v. California*, 386 U.S. 738 (1967).

Counsel has executed an attached Certificate of Service certifying that he is sending Appellant a copy of his Motion to Withdraw, and a copy of this Brief, with

---

[4]*See Johnson v. United States*, 360 F.2d 844, 846 n. 2 (D.C. Cir. 1966) (Burger, J. concurring): "An attorney owes his first duty to the court . . . His oath requires him to be absolutely honest even though his client's interests may seem to require a contrary course."

11

an explanation of Appellant's further rights regarding this appeal. *High v. State*, 537 S.W.2d 807 (Tex. Crim. App. 1978). Pursuant to the requirements of *Anders v. California*, 386 U.S. at 744-45, and *High v. State*, 573 S.W.2d at 813, counsel has documented that he has furnished Appellant with a copy of this brief. He has notified Appellant of his right to obtain and review the record, and to file any brief that he deems appropriate.

He has also provided Appellant with a motion for *pro se* access to the appellate record to file with this Court if Appellant decides that he does wish to review the record and file a *pro se* brief. *See Kelly v. State*, 436 S.W.3d 313, 318-19 (Tex. Crim. App. 2014). Counsel for Appellant has attached documentation of the letter advising Appellant of his rights and remedies, with instructions for filing the motion for *pro se* access to the appellate record. *See Anders*, 386 U.S. at 744; *McMahon v. State*, 528 S.W.2d 771, 772 (Tex. Crim. App. 1975); *Kelly*, 436 S.W.3d at 318-19.

**Prayer**

Counsel respectfully requests that he be allowed to withdraw from representation of Appellant, and for all other relief that is fair and just.

Respectfully submitted,

/s/ Richard B. Dulany, Jr.

_____

RICHARD B. DULANY, JR.
Assistant Public Defender
Bexar County Public Defender's Office
101 W. Nueva St., Suite 310
San Antonio, Texas 78205
(210) 335-0701
FAX (210) 335-0707
richard.dulany@bexar.org
Texas Bar No. 06196400

ATTORNEY FOR APPELLANT

13

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing Appellant's Brief In Support of Motion to Withdraw has been delivered by electronic service to the Bexar County District Attorney's Office, Appellate Division, Paul Elizondo Tower, 300 101 W. Nueva St., Suite 710, San Antonio, Texas 78205, on **April 13, 2015**.

I further certify that a true and correct copy of the foregoing brief, as well as counsel's motion to withdraw and letter outlining Appellant's right to file a *pro se* brief, and a motion for *pro se* access to the appellate record, were sent to: Eberto A. Mendez, TDCJ# 01965661, Dominguez State Jail, 6535 Cagnon Road, San Antonio, TX 78252-2202, by certified mail, return receipt requested, Article No. 7012 1640 0002 4217 9888, on **April 13, 2015**.

/s/ Richard B. Dulany, Jr.

_____
RICHARD B. DULANY, JR.

Appendix –
Letter advising Eberto A. Mendez of his rights under *Anders v. California*, with a motion for *pro se* access to the appellate record.



April 13, 2015

Eberto A. Mendez
TDCJ# 01965661
Dominguez State Jail
6535 Cagnon Road
San Antonio, TX 78252-2202

Re: *Eberto A. Mendez v. State of Texas*
    Appeal No. 04-14-00916-CR
    Cause No. 2009CR2760

Dear Mr. Mendez:

The trial court appointed the Bexar County Public Defender's Office to represent you in your appeal from your conviction and sentence after your plea of true to the motion to revoke/adjudicate guilt in the above-styled and numbered case. This letter is to advise you that I have reviewed the appellate record and have determined that there are no errors in the record that would support a reversal of your conviction and sentence.

I have enclosed a copy of the brief that I have filed, which reflects the fact that I was unable to find any reversible errors. I have also enclosed a copy of my Motion to Withdraw, which I am required to file with the Fourth Court of Appeals because I have asserted that there are no meritorious points of error. *See In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008).

You have the right to review the appellate record on your own to see if you can find any error. If you decide that reversible error did occur during the revocation proceeding, you may file a brief of your own with the Fourth Court of Appeals.

If you decide to exercise your right to review the appellate record and prepare a *pro se* response to the brief that I have filed, you will need to sign and date the Motion for *Pro Se* Access to the Appellate Record that I have enclosed with this letter. *See Kelley v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014). <u>You must sign, date, and return the Motion to the Fourth Court of Appeals at the following address within 10 days</u>:

1

Fourth Court of Appeals
Cadena-Reeves Justice Center
300 Dolorosa St., Suite 3200
San Antonio, TX 78205-3037

The Clerk of the Fourth Court of Appeals will then advise you how to obtain a copy of the appellate record.

The Fourth Court of Appeals will review the appellate record, my brief, and your *pro se* brief if you decide to file one. If the Court does agree with my conclusion that this appeal is frivolous, you can then challenge that finding by filing a *pro se* petition for discretionary review with the Court of Criminal Appeals of Texas. After the Fourth Court of Appeals issues its opinion—which may take several months—I will send a letter with more information about filing a *pro se* petition for discretionary review.

This concludes my representation of you on this matter, other than to send you a copy of the judgment and opinion, and advise you of your further rights after the Court of Appeals issues its opinion. Although I have filed a motion to withdraw from your case, I remain available to answer any questions that you may have.

Sincerely yours,

*Richard B. Dulany*

RICHARD B. DULANY, JR.
Assistant Public Defender

Enclosures:    Copy of Brief in Support of Motion to Withdraw
Copy of Motion to Withdraw
Motion for *Pro Se* Access to the Appellate Record

Certified Mail – Return Receipt Requested
Certified No. 7012 1640 0002 4217 9888

IN THE
FOURTH COURT OF APPEALS
OF TEXAS
AT SAN ANTONIO, TEXAS

**EBERTO A. MENDEZ**,
Appellant

v.

**THE STATE OF TEXAS**,
Appellee

## APPELLANT'S MOTION FOR *PRO SE* ACCESS TO THE APPELLATE RECORD

TO THE HONORABLE COURT OF APPEALS:

COMES NOW the Appellant in the above styled and numbered cause and files this Motion for *Pro Se* Access to the Appellate Record.

### I.

Appellant's appointed counsel has filed a motion to withdraw and brief in support of the motion, pursuant to *Anders v. California*, 386 U.S. 738 (1967).

### II.

The undersigned Appellant wishes to exercise his right to review the appellate record in preparing his *pro se* response to the *Anders* brief that court-appointed counsel has filed. The undersigned Appellant now moves this Court to provide him with free, *pro se* access to the appellate record, including the clerk's

record and reporter's record. See *Kelly v. State*, 436 S.W.3d 313, 318-19 (Tex. Crim. App. 2014).

### III.

The undersigned Appellant is presently incarcerated and lacks access to a computer. For that reason, he respectfully requests that a paper copy of the appellate record be provided to him. He also asks for a 30-day extension of time to file his *pro se* brief.

### IV.

This motion is addressed to the Fourth Court of Appeals, Cadena-Reeves Justice Center, 300 Dolorosa St., Suite 3200, San Antonio, Texas 78205. This motion is delivered to the Fourth Court of Appeals by U.S. Mail, on this the _____ day of _____, 2015.

WHEREFORE, PREMISES CONSIDERED, the Appellant respectfully prays that the Court grant this Motion for *Pro Se* Access to the Appellate Record.

Respectfully submitted,

_____
**Eberto A. Mendez**
TDCJ# 01965661
Dominguez State Jail
6535 Cagnon Road
San Antonio, TX 78252-2202

APPELLANT *PRO SE*