**806**

**COUNTY OF ST. CHARLES,
Plaintiff-Respondent,**

v.

**Dale ROLLINGS, Defendant-Appellant.**

**No. 36589.**

Missouri Court of Appeals,
St. Louis District,
Division Four.

April 27, 1976.

Motion for Rehearing or Transfer
Denied June 15, 1976.

Evans & Dixon, Ralph C. Kleinschmidt, Gerre S. Langton, St. Louis, for defendant-appellant.

Ronald L. Boggs, Pros. Atty., Joel B. Eisenstein, Asst. Pros. Atty., St. Charles, for plaintiff-respondent.

SMITH, Chief Judge.

Defendant appeals from a summary judgment rendered against him for $17,203.98. We reverse.

Plaintiff brought this suit to recover from defendant $17,203.98 paid by plaintiff to defendant over a period ranging from October, 1971, through October, 1972. The allegations of the petition were that "defendant did present a certain professional statement and bill for legal services allegedly performed to the County Court of St. Charles County . . . for services performed in conjunction with the St. Charles County Sewer District . . ." It was then charged that the services were not in fact for legal services but "were largely for mere lobbying and personal expenses of defendant" and that the payments were "unauthorized, ultra vires acts" to "which he was not legally entitled."

Each of the detailed monthly bills were attached as an exhibit. Each monthly bill set forth the legal activities engaged in and was a differing amount ranging from $562.72 to $3338.46. Defendant admitted the submission of the bills and the receipt of the money and denied the allegations that he was not entitled to the money and that the payments were unauthorized. In answer to requests for admissions, defendant admitted the presentation of the bills and receipt of payment. He denied that such statements were for lobbying services and personal expenses.

Plaintiff's motion for summary judgment set out the foregoing admissions, alleged that on August 15, 1972, the County Court filed its Petition for Appointment of Commissioners to Establish Boundaries of Common Sewer District which was granted on August 18, 1972. Thereafter in November, 1972, the Sewer District was incorporated by the Circuit Court following voter ap-

proval. Plaintiff then alleged that the County Court lacked the authority to make expenditures concerning the incorporation of a common sewer district and that the statute (Sec. 204.470) imposes upon county officials the duty to perform all acts and render all services necessary to carry out the purposes of Section 204.250 to 204.470, RSMo 1969. The plaintiff further contended that the Prosecuting Attorney "shall represent generally the County in all matters of law and draw all contracts relating to the business of the County." Sec. 56.070 RSMo 1969. Upon these allegations, plaintiff sought and received summary judgment.

Defendant filed his affidavit in opposition to the plaintiff's motion for summary judgment denying that the money was improperly paid. He also filed an affidavit from the Presiding Judge of St. Charles County setting forth the contractual arrangements between plaintiff and defendant, the approval of Mr. Rollings hiring by the County Court and that defendant performed the legal work requested for the benefit of the County. The contract is evidenced by a letter from defendant to the County Court evincing his interest in representing the St. Charles County Sewer Commission and establishing his charges at $35 per hour. The minutes of the County Court of September 9, 1971, state: "The Court approved hiring of Dale L. Rollings, Attorney, to work with the County Court and the Sewer Commission. Legal work will be billed at the rate of $35 per hour. Letter from Mr. Rollings reviewed and ordered filed." Defendant also submitted an affidavit from the County Auditor that he had approved the payment of attorney's fees submitted by defendant in the regular course of the administration of the duties of the Auditor's office.

Other than what can be gleaned from the bills attached as exhibits, the record does not establish what the services rendered consisted of. From the bills and the dates of service it is apparent that part of the services were expended in obtaining enactment of legislation authorizing a county of the second class to form a common sewer district. See Laws (Mo.) 1972, p. 831 et seq. approved April 20, 1972. Subsequent to that, additional service was rendered implementing that legislation in St. Charles County, culminating in the incorporation of the Sewer District in November, 1972.

It is readily apparent that plaintiff did not pursue its originally pleaded contention that the services rendered were not for legal services. The motion for summary judgment, as well as the brief in this court, are based upon the theory that the services rendered were legal services. Otherwise, there would be no reason for reliance upon Sec. 56.070 which provides: "The prosecuting attorney shall represent generally the county in all matters of law . . . ."

We further note that at no place in its pleadings or brief has plaintiff alleged or charged that the charges were not reasonable, that the contract or requests for payment were the product of fraud or misrepresentation, or that the services did not produce a benefit for the County. We therefore deal solely with the question of whether upon summary judgment, as a matter of law, the County may recover back from defendant, as restitution, money paid by the County for services rendered by defendant, by which the County presumably benefited.

At the outset, we note that plaintiff has produced no constitutional or statutory authority which expressly prohibits the contract entered into here. Rather, plaintiff relies upon the absence of express or implied authority to enter into such a contract and the rule that the power of a county is limited to those powers granted by the legislature. Plaintiff then seeks to demonstrate that no such power has been granted. Defendant counters by contending that there is statutory authority for the contract entered into here. We need not embark upon the rather complicated statutory expedition charted by the opposing sides. Rather, we decide the case upon the following established rule of law:

"Third. That if the contract has been fully executed by both parties thereto,

then the corporation will not be heard to say the contract was not let according to law, or that it had no power or authority to enter into the contract, and recover back the consideration paid by it without it first returns or offers to return the benefits it has received under the contract by virtue of its execution; and even where the corporation in such cases has placed itself beyond the power of making restitution, it will not be permitted to plead the illegality of the contract and recover back the consideration paid. This, the third proposition, rests upon the maxims, 'He who seeks equity must do equity,' and 'He who comes into equity must come with clean hands.'" *Seaman v. Cap-Au-Gris Levee Dist.*, 219 Mo. 1, 117 S.W. 1084, 1. c. 1094 (1909). See also *Sparks v. Jasper County*, 213 Mo. 218, 112 S.W. 265 (1908); *Cole County v. Central Missouri Trust Co.*, 302 Mo. 222, 257 S.W. 774 (1924); *Polk Tp., Sullivan County v. Spencer,* 364 Mo. 97, 259 S.W.2d 804 (1953); *Bride v. City of Slater*, 263 S.W.2d 22 (Mo.1953).

Plaintiff does not address itself to the line of authority above set out. Rather, it cites cases which involve different situations. This case is not one where one party is seeking to enforce payment under an invalid contract. (*Donovan v. Kansas City*, 352 Mo. 430, 175 S.W.2d 874 (banc 1943)), or where the services rendered were for the benefit of county officials personally rather than the county itself (*County of St. Francois v. Brookshire*, 302 S.W.2d 1 (Mo.1957)), or where the contract was expressly forbidden by law (*Coleman v. Kansas City*, 348 Mo. 916, 156 S.W.2d 644 (1941)).

█ The contract here has been fully performed on both sides. No fraud has been alleged or appears. There is no express statutory prohibition against the contract. No evidence was developed that the county has not been benefited by defendant's services in obtaining the incorporation of a sewer district and it is apparent the County cannot return any such benefit.

Plaintiff's motion for summary judgment was based upon the legal proposition that it was entitled to restitution regardless of benefit. In this it is wrong. Since the full nature of the services performed, their reasonable value, and the degree to which they benefited the county in whole or part have not been developed, the cause must be remanded. The rule of law which we have here applied in holding the summary judgment improper, is conditioned upon the factual proposition that the services rendered benefited the county. Upon the record before us, we cannot presume they did or did not.

█ We must note one other matter. The transcript charges here are based upon a rate of $1.30 per page for 71 pages. Of those 71 pages, 1 is 3 lines long, 1 is 4, 1 is 5, 3 are 6, 3 are 7, 2 are 8, 6 are 10, and 8 others are less than 25 lines in length. Each separate document, order, or occurrence begins on a new page and regardless of how short, no other entry appears on that page. Twenty-four pages of the transcript consist of exhibits 1 through 12 which are Xeroxed and taped onto the page and each of these exhibits appears in the same form in two different places in the transcript. Sec. 485.100, RSMo 1969, provides that the charge per page for a transcript shall be based upon a 25 line page. The 243 lines which occupy 25 non-statutory pages in this transcript should have covered 10 pages. At $1.30 per page, the excess pagination amounts to $19.50. Rule 81.14(b) provides against duplication of the same material in the transcript. Twelve pages devoted to duplication of the same exhibits were also unnecessary. That amounts to $15.60. The cost of the transcript as taxed by this court will be in the amount of $57.20, and if the amount certified to in the transcript has already been paid, the trial court is directed to order that $35.10 of the amount paid be refunded by the court reporter.

Judgment reversed and cause remanded for further proceedings consistent with this opinion.

NORWIN D. HOUSER and ALDEN A. STOCKARD, Special Judges, concur.