ACCEPTED
04-15-00100-CR
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
6/24/2015 11:25:36 AM
KEITH HOTTLE
CLERK

## NO. 04-15-00100-CR

IN THE
FOURTH COURT OF APPEALS
OF TEXAS
AT SAN ANTONIO, TEXAS

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
6/24/2015 11:25:36 AM
KEITH E. HOTTLE
Clerk

---

**BRANDON MASTER**,
Appellant

VS.

**THE STATE OF TEXAS**,
Appellee

---

Trial Court No. 2010CR4791W
Appeal from the 227th District Court
of Bexar County, Texas
Hon. Kevin O'Connell, Presiding

## BRIEF IN SUPPORT OF MOTION TO WITHDRAW

RICHARD B. DULANY, JR.
Texas Bar No. 06196400
Assistant Public Defender
Bexar County Public Defender's Office
101 W. Nueva St., Suite 370
San Antonio, Texas 78205
(210) 335-0701
FAX (210) 335-0707
richard.dulany@bexar.org

ORAL ARGUMENT WAIVED

ATTORNEY FOR APPELLANT

## Identity of Parties and Counsel

Pursuant to TEX. R. APP. P. 38.1(a), the parties are:

**APPELLANT**
BRANDON MASTER
TDCJ# 01653759
Garza West Transfer Facility
4250 HWY 202
Beeville, TX 78102

**APPELLANT'S ATTORNEYS**
**AT THE REVOCATION HEARING:**
Angela Blake (State Bar No. 24026998)
214 Dwyer, Suite 103
San Antonio, TX 78204

**ON APPEAL:**
Richard B. Dulany, Jr. (State Bar No. 06196400)
Assistant Public Defender
Bexar County Public Defender's Office
101 W. Nueva St., Ste. 310
San Antonio, TX 78205

**STATE'S ATTORNEYS**
**AT THE REVOCATION HEARING:**
Marissa Giovenco (State Bar No. 24073534)
Assistant District Attorney
Paul Elizondo Tower
101 W. Nueva, Fourth Floor
San Antonio, TX 78205

**ON APPEAL:**
Nicolas A. LaHood, Bexar County District Attorney
(or his appellate section)
Bexar County District Attorney's Office
Appellate Division
101 W. Nueva St., Ste. 710
San Antonio, TX 78205

ii

**TRIAL COURT**
**AT THE REVOCATION HEARING:**
Hon. Kevin M. O'Connell, Judge Presiding
227th District Court
Cadena-Reeves Justice Center
300 Dolorosa St., Fourth Floor
San Antonio, TX 78205

# Table of Contents

Page

Identity of Parties and Counsel ................................................................................ii-iii

Table of Contents .................................................................................................iv

Table of Authorities ...........................................................................................v-vii

A Note on Record References................................................................................ viii

Certificate of Compliance .................................................................................... viii

Statement of the Case........................................................................................ 1-3

No Meritorious Issues Presented for Review ..........................................................3

> Pursuant to *Anders v. California*, 386 U.S. 738 (1967) and *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978), counsel for Appellant has diligently searched the record and upon researching all applicable law has determined that this appeal is without merit and frivolous.

Summary of Facts ............................................................................................ 4-8

Summary of the Argument....................................................................................8

Summary of the Facts Pertinent to *Anders v. California*...................................... 8-9

Argument and Authorities.................................................................................. 10-16

Conclusion ................................................................................................... 16-17

Prayer .............................................................................................................18

Certificate of Service .........................................................................................19

Appendix .........................................................................................................20

# Table of Authorities

**Cases**

*Anders v. California*, 386 U.S. 738 (1967)...................................................... passim

*Bone v. State*, 77 S.W.3d 828 (Tex. Crim. App. 2002) ...........................................13

*Cardona v. State*, 665 S.W.2d 492 (Tex. Crim. App. 1984) ...................................10

*Cobb v. State*, 851 S.W.2d 871 (Tex. Crim. App. 1993)..........................................10

*Cole v. State*, 578 S.W.2d 127 (Tex. Crim. App. 1979)..........................................11

*Duncan v. State*, 321 S.W.3d 53 (Tex.App. – Houston [1st Dist.] 2010, pet. ref'd)....

  10, 11, 12

*Ex parte Beck*, 922 S.W.2d 181 (Tex. Crim. App. 1996).........................................16

*Ex parte Raborn*, 658 S.W.2d 602 (Tex. Crim. App. 1983).....................................12

*Ex parte Wilson*, 724 S.W.2d 72 (Tex. Crim. App. 1987).......................................13

*Hacker v. State*, 389 S.W.3d 860 (Tex. Crim. App. 2013).......................................10

*Harmelin v. Michigan*, 501 U.S. 957, 111 S. Ct. 2680, 115 L.Ed.2d 836 (1991)...15

*Harris v. State*, 656 S.W.2d 481 (Tex. Crim. App. 1983).......................................15

*Hays v. State*, 933 S.W.2d 659 (Tex. App. – San Antonio 1996, no pet.) .............11

*Hernandez v. State*, 726 S.W.2d 53 (Tex. Crim. App. 1986)..................................12

*Hernandez v. State*, 988 S.W.2d 770 (Tex. Crim. App. 1999)................................13

*High v. State*, 537 S.W.2d 807 (Tex.Crim.App. 1978)................................. iv, 3, 12

*Johnson v. United States*, 360 F.2d 844 (D.C. Cir. 1966) .......................................16

*Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014) ..........................................12

*Lugaro v. State*, 904 S.W.2d 842 (Tex. App. – Corpus Christi 1995, no pet.) .......12

*McMahon v. State*, 528 S.W.2d 771 (Tex. Crim. App. 1975) .................................12

*Mercado v. State*, 718 S.W.2d 291 (Tex. Crim. App. 1986) ...................................14

*Nix v. State*, 65 S.W.3d 664 (Tex.Crim.App. 2001) ...............................................12

*Puga v. State*, 916 S.W.2d 547 (Tex.App. – San Antonio 1996, no pet.) ...............14

*Rickles v. State*, 202 S.W.3d 759 (Tex. Crim. App. 2006)............................... 10, 11

*Rylander v. State*, 101 S.W.3d 107 (Tex. Crim. App. 2003)...................................14

*Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984) .7,
   12

*Wilkerson v. State*, 726 S.W.2d 542 (Tex. Crim. App. 1986) .................................13

*Yabrra v. State*, 890 S.W.2d 98 (Tex. App. – San Antonio 1994, pet. ref'd) .........12

## Statutes

TEX. CODE CRIM. PROC. ANN. art. 4.05 (West 2005).................................................16

TEX. CODE CRIM. PROC. ANN. art. 21.21 (West 2009).............................................16

TEX. CODE CRIM. PROC. ANN. art. 42.12, § 21(d) (West 2015).............................12

TEX. CONST. art. I § 13...............................................................................................15

TEX. CONST. art. V § 8 ...............................................................................................16

TEX. GOV'T CODE ANN. § 24.139 (West 2009) ........................................................16

TEX. GOV'T CODE ANN. § 24.405 (West 2009) ........................................................16

TEX. PENAL CODE ANN. § 12.34 (West 2015) ..........................................................14

TEX. PENAL CODE ANN. § 49.07 (West 2015) ..........................................................14

U.S. CONST. art. VIII..................................................................................................15

## A Note on Record References

The reporter's record in this case consists of two volumes, both from the hearing on the motion to revoke probation. Reference to the reporter's record will be: ([Volume Number] RR at ___). A reference to the clerk's record will be: (CR at ___).

## Certificate of Compliance

Pursuant to TEX. R. APP. P. 9.4(i)(1) & (i)(2)(B), the word count, from the beginning of the Summary of Facts until, but excluding, the signature block, is: 3,304. The total word count is 5,099.

TO THE FOURTH COURT OF APPEALS OF TEXAS:

The undersigned attorney submits this brief in support of his motion to withdraw. This is an appeal from a judgment revoking community supervision (probation), upon Appellant's plea of true.[1]

**Statement of the Case**

The Appellant, Brandon Master, was charged by information with one count of intoxication assault in cause number 2010CR4791W. (CR at 6). The information alleged that the offense was committed on or about July 11, 2008. (CR at 6). The information was filed with the clerk of the trial court on May 10, 2010. (CR at 7).

On May 10, 2010, Appellant entered a negotiated no-contest plea to the charged offense. (CR at 8, 14, 16). The trial court, the Honorable Philip A. Kazen, Jr. presiding, followed the terms of the plea agreement by finding Appellant guilty of the charged offense and placing Appellant on community supervision for 10 years with a $1,500 fine. (CR at 87). Appellant was initially sentenced to shock probation, so the term of community supervision actually began on December 8, 2010. (CR at 93, 97).

On October 1, 2014, the supervision officer filed a Violation Report which stated that Appellant had violated several conditions of his probation. (CR at 116-117). The supervision officer noted that three prior violation reports had been filed

---

[1] In this brief, the terms "community supervision" and "probation" are used interchangeably.

1

and recommended revocation. (CR at 117). On October 1, 2014, the State filed a "Motion to Revoke Community Supervision (Adult Probation)." (CR at 118-119). The motion alleged that Appellant violated a number of the conditions of community supervision, including Condition No. 2, which required him to submit to drug testing on specific dates in January, July, August and September of 2014. (CR at 118). The motion further alleged that Appellant failed to keep "gainful employment," failed to report a change of address, failed to pay fines and fees, failed to complete community service hours, and failed to maintain a daily curfew. (CR at 118-119).

On December 9, 2014, an amended motion to revoke was filed to add the allegation that Appellant committed the new offense of failure to identify on or about December 1, 2014. (CR at 121). A second amended motion to revoke was filed on January 21, 2015 to add allegations that Appellant failed to submit to drug testing in January 2015, and also possessed drug paraphernalia. (CR at 129).

On February 5, 2015, the trial court, the Honorable Kevin M. O'Connell presiding, held an evidentiary hearing on the motion to revoke. (1 RR at 1). On February 6, 2015, the trial court, after having heard Appellant's plea of true and the evidence presented by the parties, found that Appellant violated nine separate conditions of probation. (2 RR at 12). The trial court revoked Appellant's probation and sentenced him to imprisonment in the Institutional Division of the

2

Texas Department of Criminal Justice for 10 years, with a $1,500.00 fine. (2 RR at 12-13)(CR at 132). The sentence runs concurrently with the sentence and fine imposed in cause number 2010CR4792W. (2 RR at 13)(CR at 132).

On February 24, 2015, Appellant's pro se notice of appeal was timely filed with the clerk of the trial court.[2] (CR at 134). The trial court accurately certified that Appellant has a limited right of appeal from the revocation, but not the underlying conviction. (CR at 131). On March 16, 2015, the trial court appointed the Bexar County Public Defender's Office to represent Appellant on appeal. (CR at 141). This appeal follows.

## No Meritorious Issues Present for Review

In compliance with the requirements of *Anders v. California*, 386 U.S. 738 (1967) and *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978), the undersigned, court-appointed attorney states that he has diligently reviewed the entire record in this cause and the law applicable thereto, and, in his opinion, has determined that this appeal is wholly frivolous and without merit in that the record reflects no reversible error, and no issues for review upon which an appeal may be predicated.

---

[2] The notice of appeal was mailed to the clerk of this court on February 19, 2015. (CR at 135).

**Summary of Facts**

Brandon Master, the Appellant, was charged by information with one count of the felony offense of intoxication assault in cause number 2010CR4791W. (CR at 6). The information alleged that the offense was committed on or about July 11, 2008. (CR at 6). The information was filed with the clerk of the trial court on May 10, 2010. (CR at 7).

On May 10, 2010, Appellant entered a negotiated no-contest plea to the charged offense. (CR at 8, 14, 16). The trial court, the Honorable Philip A. Kazen, Jr. presiding, followed the plea agreement by finding Appellant guilty of the charged offense and placing him on probation for 10 years, with a $1,500.00 fine. (CR at 87). Appellant was initially sentenced to shock probation, so the term of probation began on December 8, 2010. (CR at 93, 97).

On October 1, 2014, the State filed a "Motion to Revoke Community Supervision (Adult Probation)." (CR at 118-119). Two amended motions to revoke were filed to allege additional violations. (CR at 121, 129).

A revocation hearing was held in the trial court on February 5, 2015, the Hon. Kevin M. O'Connell, presiding. (1 RR at 1). Appellant was represented by counsel. (1 RR at 2). The attorney for the State proceeded on the "Second Amended" motion to revoke probation. (1 RR at 5)(CR at 128-130). The trial court asked Appellant how he pled to the first allegation, that he failed to submit to drug

4

testing on September 19, 2014 as required by condition number 2 of the probation agreement. (1 RR at 4). Appellant replied that the allegation "is true." (1 RR at 4). Appellant said the allegation that he failed to submit to drug testing on September 10, 2014 was "[t]rue with an explanation." (1 RR at 5). He also pleaded "true with an explanation" to allegations that he failed to submit to drug testing on January 2, 2014, on July 18, 2014, and on August 16, 2014. (1 RR at 5-6).

Appellant pleaded "[n]ot true" to allegations that he failed to show proof of employment in violation of condition number 4 and failed to report a change of address in violation of condition number 9-A. (1 RR at 6-7). He pleaded "[t]rue with an explanation" to the allegation that he failed to pay certain fees and costs in violation of condition number 10. (1 RR at 9). He also pleaded "[t]rue with an explanation" to allegations that he failed to complete 350 hours of community service in violation of condition number 10, failed to maintain curfew in violation of condition number 37, and committed the new offense of failure to identify himself on December 1, 2014, in violation of condition number 1. (1 RR at 9-10).

The trial court entered pleas of "not true" for Appellant on the remaining allegations and asked Appellant to provide his explanations for his pleas of true. (1 RR at 12). Appellant explained that he missed the scheduled drug test on September 19, 2014 because he working that day "and trying to make ends meet." (1 RR at 12). He said he missed the drug test on January 2, 2014 because he was

5

also working that day. (1 RR at 14). Appellant offered no explanation for his failure to pay fines and restitution, but told the trial court he now has a job and would be able to make payments in the future. (1 RR at 15). Appellant claimed the supervising officer said he "didn't have a curfew" so long as he was working. (1 RR at 15). He explained the failure-to-identify allegation by saying he was "flustered and nervous" and gave the police his girlfriend's last name by mistake. (1 RR at 16).

The prosecutor called her first witness, **Ronald Jimenez**. Jimenez is a Bexar County probation officer. (1 RR at 17). He supervised Appellant. Jimenez said that every time he asked Appellant to submit to a drug test, "he would either go the next day or just not go at all." (1 RR at 19). Appellant did not submit to a drug test as requested on July 18, 2014 or on August 16, 2014. (1 RR at 21). Appellant never provided Jimenez with proof of employment. (1 RR at 19, 23). He did not report to Jimenez during November and December of 2014. (1 RR at 27). Jimenez testified that he knew Appellant violated his curfew on September 30, 2014, because Jimenez went to Appellant's residence that day and he wasn't there. (1 RR at 28). Jimenez denied telling Appellant that he didn't have a curfew so long as he was working. (1 RR at 31).

**Edgar Santiago** is also a Bexar County probation officer. (1 RR at 34). He went to Appellant's residence with Jimenez on January 15, 2015 for a "visit." (1

6

RR at 35). Appellant was alone in the apartment and said his girlfriend hadn't been there for four days. (1 RR at 35-36). Santiago found a pipe used for smoking "crack" or marijuana on Appellant's bed. (1 RR at 38). He also found a knife with an eight-inch blade. (1 RR at 38). Appellant said the knife was his, but not the pipe. (1 RR at 40). The knife was a violation of probation because Appellant was not supposed to possess any weapons. (1 RR at 42).

Defense counsel called **Bill Bohneblust** to testify. He is also a Bexar County probation officer. (1 RR at 45). Bohneblust supervised Appellant "for about a year" and had "no trouble" with him. (1 RR at 45). He supervised Appellant in 2013 and 2014. (1 RR at 49).

The revocation hearing resumed the next day. (2 RR at 1). Appellant pleaded "true with an explanation" to the allegation that he violated condition number 2 by failing to submit to drug testing on January 16, 2015. (2 RR at 4). He entered the same plea to the allegations that he violated condition number 6-C by possessing the pipe and violated condition number 11 by possessing the knife. (2 RR at 4). Appellant blamed transportation problems for his failure to submit to the drug test on January 16, 2015. (2 RR at 5). He said the pipe was not his, but admitted that he owned the knife that was found in his apartment. (2 RR at 5-6).

Defense counsel asked the trial court to continue Appellant's probation. (2 RR at 8-9). The prosecutor reminded the trial court of Appellant's many prior

7

violations. (2 RR at 10-11). The trial court found that Appellant violated the conditions of his probation. (2 RR at 12). He explained that his finding was based on the testimony presented and on Appellant's plea of "true." (2 RR at 12). The trial court specifically found that Appellant violated conditions 2 (six separate times), 4, 9, 10, 11, 20, 37, and 6-C. (2 RR at 12). The trial court revoked Appellant's probation and sentenced him to 10 years of imprisonment in the Texas Department of Criminal Justice with a $1,500.00 fine. (2 RR at 13)(CR at 132-133).

## Summary of the Argument

In the professional opinion of the undersigned counsel for Appellant, after a diligent search of the record and of the applicable law, there is no reversible error reflected in the record. Therefore, this appeal is without merit and frivolous.

## Summary of Facts Pertinent to *Anders v. California*

The record in this case clearly reflects that the trial court had before it Appellant's plea of true to various allegations that he violated the conditions of his probation. Appellant's plea of true, standing alone, was sufficient to support the trial court's decision to revoke his probation. The State also provided the testimony of two probation officers to substantiate allegations that Appellant violated the conditions of probation. So the trial court did not abuse its discretion in revoking

8

Appellant's probation because the trial court's ruling was supported by a preponderance of the evidence.

Moreover, the record does not indicate that Appellant received ineffective assistance of counsel, and does not indicate that there are any jurisdictional defects. The record also reflects that Appellant's plea of "true with an explanation" was voluntary and the sentence imposed was within statutory range of punishment. In short, undersigned counsel can find no meritorious issues for review to raise on Appellant's behalf. As such, this appeal is frivolous and without merit.

## Argument and Authorities

**Standard of review.**

The trial court's decision to revoke probation is reviewed on appeal for an abuse of discretion. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). In a probation revocation hearing, the State must prove by a preponderance of the evidence that the probationer violated a condition of his or her probation. *Cobb v. State*, 851 S.W.2d 871, 874 (Tex. Crim. App. 1993). The trial court does not abuse its discretion if the order revoking probation is supported by a preponderance of the evidence. *Rickels*, 202 S.W.3d at 763-64. The evidence meets this standard if the greater weight of the credible evidence creates a reasonable belief that the defendant violated a condition of his probation. *Duncan v. State*, 321 S.W.3d 53, 57 (Tex. App. —Houston [1st Dist.] 2010, pet. ref'd). The evidence must be viewed in the light most favorable to the trial court's ruling. *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984).

In a revocation proceeding, the trial court is the "sole judge of the credibility of witnesses and the weight to be given to their testimony." *Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013). To support the trial court's order to adjudicate guilt, the State need only establish one sufficient ground for revocation. *Duncan*, 321 S.W.3d at 57. A plea of true to a violation, standing alone, is sufficient to support the trial court's order revoking Appellant's probation. *Cole v.*

10

*State*, 578 S.W.2d 127, 128 (Tex. Crim. App. 1979); *Hays v. State*, 933 S.W.2d 659, 661 (Tex. App. – San Antonio 1996, no pet.); *Duncan*, 321 S.W.3d at 58. There is no reason for a trial court to disregard a plea of true, even if defensive issues are later presented. *Id.*

**The greater weight of the evidence supports revocation.**

Here, Appellant pleaded true to several of the allegations that he violated conditions of probation, including the allegation that he violated condition number 2 by failing to submit to drug testing on September 19, 2014. (1 RR at 4). He also pleaded "true with an explanation" to many of the other allegations, including allegations that he failed to pay required fees and perform community service hours. (1 RR at 9-10, 15). His plea of true, standing alone, provides sufficient evidence to support revocation. *Cole*, 578 S.W.2d 129. The trial court also heard testimony from two probation officers that Appellant missed drug tests, didn't comply with curfew, and possessed a prohibited knife. (1 RR at 21, 28, 38). The weight of this evidence creates a reasonable belief that Appellant violated one or more conditions of probation and negates a finding that the trial court abused its discretion in revoking Appellant's probation. *See Rickels*, 202 S.W.3d at 763-64.

11

So, unless Appellant can show either that counsel was ineffective at the revocation hearing, or that there is a jurisdictional defect,[3] he has no appealable issues.

**The record does not indicate ineffective assistance of counsel**.

A defendant in a revocation proceeding is entitled to effective assistance of counsel, unless counsel is waived. TEX. CODE CRIM. PROC. ANN. art. 42.12, § 21(d) (West 2015); *see Lugaro v. State*, 904 S.W.2d 842, 843 (Tex. App. – Corpus Christi 1995, no pet.). In a claim that a defendant received ineffective assistance of counsel, the defendant bears the burden of establishing ineffective assistance by a preponderance of the evidence. *Yabrra v. State*, 890 S.W.2d 98, 112 (Tex. App. – San Antonio 1994, pet. ref'd). The test for ineffective assistance of counsel is derived from the Supreme Court case *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and adopted by the Texas Court of Criminal Appeals in *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986). In order for counsel to be deemed ineffective, it must be shown that counsel's representation "fell below an objective standard of reasonableness" and there is the probability that, but for counsel's deficient performance, the result would have been different. *Id*. at 55. The test is applied to the "totality of the representation" rather than to isolated acts or omissions of trial counsel, *Ex parte Raborn*, 658

---

[3] Jurisdictional defects which render a judgment void may be raised in the context of an appeal of a probation revocation. *Nix v. State*, 65 S.W.3d 664, 668 (Tex. Crim. App. 2001); *Duncan*, 321 S.W.3d at 57.

S.W.2d 602, 605 (Tex. Crim. App. 1983), and is applied at the time of the proceeding, not through hindsight. *Wilkerson v. State*, 726 S.W.2d 542, 548 (Tex. Crim. App. 1986). It is rare for the record in a direct appeal to contain sufficient information to permit an appellate court to evaluate the merits of a claim of ineffective assistance. *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002).

The *Strickland* test requires an accused to show that his or her counsel's representation fell below an objective standard of reasonableness and that the deficient performance prejudiced the defense. In meeting the second prong, that defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Ex parte Wilson*, 724 S.W.2d 72, 74 n. 1 (Tex. Crim. App. 1987). Thus, the defendant must show that he was prejudiced as a result of deficient attorney performance. *Hernandez v. State*, 988 S.W.2d 770 (Tex. Crim. App. 1999).

Undersigned counsel has searched the record, and has not found any facts that suggest that reversible error occurred in the revocation proceeding. Appellant may argue that trial counsel should not have allowed him to plead true, since that plea standing alone gave the trial court authority to revoke his probation. However, that argument would not be meritorious. The appellate court will not second-guess trial counsel's strategy, nor is the court privy to the reasons counsel may have advised Appellant to plead true. Judicial scrutiny of counsel's performance must be

highly deferential, and a reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" *Rylander v. State*, 101 S.W.3d 107, 110 (Tex. Crim. App. 2003). Thus, "the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.*

With regard to any challenge to the propriety of the sentence, trial counsel failed to preserve error by failing to object or file a motion for new trial. *Mercado v. State*, 718 S.W.2d 291, 296 (Tex. Crim. App. 1986). However, when the punishment assessed by the court is within the statutory range for the underlying offense, "it is not within the province of an appellate court to pass upon the propriety of the sentence." *Puga v. State*, 916 S.W.2d 547, 550 (Tex. App. – San Antonio 1996, no pet.).

Appellant was convicted of intoxication assault, a third-degree felony. *See* TEX. PENAL CODE ANN. § 49.07 (West 2015). The punishment range for that offense is imprisonment in the Texas Department of Criminal Justice for any term of not more than 10 years or less than 2 years, with a possible fine not to exceed $10,000. TEX. PENAL CODE ANN. § 12.34 (West 2015). The sentence was within the statutory range. (CR at 132). Moreover, the trial court gave Appellant credit for the time he had already served. (2 RR at 13)(CR at 132).

14

The punishment is within the range established by the Legislature, and, as such, does not violate the constitutional prohibitions against cruel and unusual punishment under either U.S. CONST. art. VIII or TEX. CONST. art. I § 13; *Harris v. State*, 656 S.W.2d 481, 486 (Tex. Crim. App. 1983). Nor does the undersigned attorney discern anything in the record to suggest that the punishment assessed is grossly disproportionate to the crime. *See Harmelin v. Michigan*, 501 U.S. 957, 111 S. Ct. 2680, 115 L.Ed.2d 836 (1991). Additionally, no objection was made to the punishment assessed at the revocation hearing. (2 RR at 13).

The facts in the present case do not support an assertion that Appellant received ineffective assistance from his revocation counsel. The totality of the representation appears to be sound. Revocation counsel made sure that Appellant was allowed to offer his explanations for why he failed to comply with the various conditions of probation. She also called one of Appellant's former supervising probation officers to testify that he supervised Appellant for a year and "didn't have any problems with him." (1 RR at 47). In addition, revocation counsel made sure that the sentence imposed in this cause ran concurrently with the sentence imposed in cause number 2010CR4792W, and made sure that Appellant was given credit for his "back time." (2 RR at 12-13). For these reasons, the record does not support a finding that defense counsel's performance fell below an objective

15

standard of reasonableness under *Strickland.* Therefore, it is unnecessary to reach the second prong of the analysis.

**There are no jurisdictional defects.**

A defect which renders a sentence void may be raised at any time. *Ex parte Beck*, 922 S.W.2d 181, 182 (Tex. Crim. App. 1996). But the sentence in this case is not void on any ground and there are no jurisdictional defects apparent from the record. The 227th District Court of Bexar County, Texas, has jurisdiction over felony cases, such as this one. TEX. CODE CRIM. PROC. ANN. art. 4.05 (West 2005); TEX. GOV'T CODE ANN. §§ 24.139, 24.405 (West 2009). The charging instrument was in proper form, pursuant to TEX. CODE CRIM. PROC. ANN. art. 21.21 (West 2009), and correctly alleged the offense of intoxication assault. (CR at 6). The charging instrument conferred jurisdiction on the trial court by virtue of TEX. CONST. art. V § 8.

## Conclusion

After a thorough review of the record, the undersigned attorney is unable to identify any potentially meritorious points on appeal. It is the professional opinion of the undersigned counsel that the appeal is frivolous and without merit.[4] *See Anders v. California*, 386 U.S. 738 (1967).

---

[4]*See Johnson v. United States*, 360 F.2d 844, 846 n. 2 (D.C. Cir. 1966) (Burger, J. concurring): "An attorney owes his first duty to the court . . . His oath requires him to be absolutely honest even though his client's interests may seem to require a contrary course."

Counsel has executed an attached Certificate of Service certifying that he is sending Appellant a copy of his Motion to Withdraw, and a copy of this Brief, with an explanation of Appellant's further rights regarding this appeal. *High v. State*, 537 S.W.2d 807 (Tex. Crim. App. 1978). Pursuant to the requirements of *Anders v. California*, 386 U.S. at 744-45, and *High v. State*, 573 S.W.2d at 813, counsel has documented that he has furnished Appellant with a copy of this brief. He has notified Appellant of his right to obtain and review the record, and to file any brief that he deems appropriate.

He has also provided Appellant with a motion for *pro se* access to the appellate record to file with this Court if Appellant decides that he does wish to review the record and file a *pro se* brief. *See Kelly v. State*, 436 S.W.3d 313, 318-19 (Tex. Crim. App. 2014). Counsel for Appellant has attached documentation of the letter advising Appellant of his rights and remedies, with instructions for filing the motion for *pro se* access to the appellate record. *See Anders*, 386 U.S. at 744; *McMahon v. State*, 528 S.W.2d 771, 772 (Tex. Crim. App. 1975); *Kelly*, 436 S.W.3d at 318-19.

**Prayer**

Counsel respectfully requests that he be allowed to withdraw from representation of Appellant, and for all other relief that is fair and just.

Respectfully submitted,

/s/ Richard B. Dulany, Jr.

_____

RICHARD B. DULANY, JR.
Assistant Public Defender
Bexar County Public Defender's Office
101 W. Nueva St., Suite 370
San Antonio, Texas 78205
(210) 335-0701
FAX (210) 335-0707
richard.dulany@bexar.org
Texas Bar No. 06196400

ATTORNEY FOR APPELLANT

18

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing Appellant's Brief In Support of Motion to Withdraw has been delivered by electronic service to the Bexar County District Attorney's Office, Appellate Division, Paul Elizondo Tower, 300 101 W. Nueva St., Suite 710, San Antonio, Texas 78205, on **June 24, 2015**.

I further certify that a true and correct copy of the foregoing brief, as well as counsel's motion to withdraw and letter outlining Appellant's right to file a *pro se* brief, and a motion for *pro se* access to the appellate record, were sent to: Brandon Master, TDCJ# 01653759, Garza West Unit, 4250 HWY 202, Beeville, TX 78201, by certified mail, return receipt requested, Article No. 7012 1640 0002 4217 6719, on **June 24, 2015**.

/s/ Richard B. Dulany, Jr.

_____
RICHARD B. DULANY, JR.

Appendix –
Letter advising Brandon Master of his rights under *Anders v. California*, with a motion for *pro se* access to the appellate record.



## Bexar County Public Defender's Office

Paul Elizondo Tower ◆ 101 W. Nueva St., Suite 370 ◆ San Antonio, TX 78205
Phone: (210) 335-0701 ◆ Fax: (210) 335-0707

June 24, 2015

Brandon Master
TDCJ# 01653759
Garza West Transfer Facility
4250 HWY 202
Beeville, TX 78102

Re:     *Brandon Master v. State of Texas*
        Appeal No. 04-15-00100-CR & 04-15-00101-CR
        Cause No. 2010CR4791W & 2012CR4792W

Dear Mr. Master:

The trial court appointed the Bexar County Public Defender's Office to represent you in your appeal from your conviction and sentence after your plea of true (with an explanation) to the motion to revoke probation in the above-styled and numbered case. This letter is to advise you that I have reviewed the appellate record and have determined that there are no errors in the record that would support a reversal of your conviction and sentence.

I have enclosed a copy of the brief that I have filed, which reflects the fact that I was unable to find any reversible errors. I have also enclosed a copy of my Motion to Withdraw, which I am required to file with the Fourth Court of Appeals because I have asserted that there are no meritorious points of error. *See In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008).

You have the right to review the appellate record on your own to see if you can find any error. If you decide that reversible error did occur during the revocation proceeding, you may file a brief of your own with the Fourth Court of Appeals.

If you decide to exercise your right to review the appellate record and prepare a *pro se* response to the brief that I have filed, you will need to sign and date the Motion for *Pro Se* Access to the Appellate Record that I have enclosed with this letter. *See Kelley v.*

1

*State*, 436 S.W.3d 313 (Tex. Crim. App. 2014). <u>You must sign, date, and return the</u> <u>Motion to the Fourth Court of Appeals at the following address within 10 days</u>:

> Fourth Court of Appeals
> Cadena-Reeves Justice Center
> 300 Dolorosa St., Suite 3200
> San Antonio, TX 78205-3037

The Clerk of the Fourth Court of Appeals will then advise you how to obtain a copy of the appellate record.

The Fourth Court of Appeals will review the appellate record, my brief, and your *pro se* brief if you decide to file one. If the Court does agree with my conclusion that this appeal is frivolous, you can then challenge that finding by filing a *pro se* petition for discretionary review with the Court of Criminal Appeals of Texas. After the Fourth Court of Appeals issues its opinion—which may take several months—I will send a letter with more information about filing a *pro se* petition for discretionary review.

This concludes my representation of you on this matter, other than to send you a copy of the judgment and opinion, and advise you of your further rights after the Court of Appeals issues its opinion. Although I have filed a motion to withdraw from your case, I remain available to answer any questions that you may have.

Sincerely yours,

*Richard B. Dulany*

RICHARD B. DULANY, JR.
Assistant Public Defender

Enclosures:   Copy of Brief in Support of Motion to Withdraw
              Copy of Motion to Withdraw
              Motion for *Pro Se* Access to the Appellate Record

Certified Mail – Return Receipt Requested
Certified No. 7012 1640 0002 4217 6719

**NO. 04-15-00100-CR**

IN THE
FOURTH COURT OF APPEALS
OF TEXAS
AT SAN ANTONIO, TEXAS

**BRANDON MASTER**,
Appellant

v.

**THE STATE OF TEXAS**,
Appellee

**APPELLANT'S MOTION FOR *PRO SE*
ACCESS TO THE APPELLATE RECORD**

TO THE HONORABLE COURT OF APPEALS:

COMES NOW the Appellant in the above styled and numbered cause and files this Motion for *Pro Se* Access to the Appellate Record.

I.

Appellant's appointed counsel has filed a motion to withdraw and brief in support of the motion, pursuant to *Anders v. California*, 386 U.S. 738 (1967).

II.

The undersigned Appellant wishes to exercise his right to review the appellate record in preparing his *pro se* response to the *Anders* brief that court-appointed counsel has filed. The undersigned Appellant now moves this Court to provide him with free, *pro se* access to the appellate record, including the clerk's

record and reporter's record. See *Kelly v. State*, 436 S.W.3d 313, 318-19 (Tex. Crim. App. 2014).

## III.

The undersigned Appellant is presently incarcerated and lacks access to a computer. For that reason, he respectfully requests that a paper copy of the appellate record be provided to him. He also asks for a 30-day extension of time to file his *pro se* brief.

## IV.

This motion is addressed to the Fourth Court of Appeals, Cadena-Reeves Justice Center, 300 Dolorosa St., Suite 3200, San Antonio, Texas 78205. This motion is delivered to the Fourth Court of Appeals by U.S. Mail, on this the _____ day of _____, 2015.

WHEREFORE, PREMISES CONSIDERED, the Appellant respectfully prays that the Court grant this Motion for *Pro Se* Access to the Appellate Record.

Respectfully submitted,

_____
**Brandon Master**
TDCJ# 01653759
Garza West Transfer Facility
4250 HWY 202
Beeville, TX 78102

APPELLANT *PRO SE*